USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 94-1697 UNITED STATES, Appellee, v. JORGE PEREZ-GARCIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gene Carter,* U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Kevin G. Little on brief for appellant. _______________ Antonio R. Bazan, Assistant United States Attorney, Jose A. __________________ ________ Quiles-Espinosa, Senior Litigation Counsel, and Guillermo Gil, United _______________ _____________ States Attorney on brief for appellee. ____________________ June 6, 1995 ____________________ _____________________ *Of the District of Maine, sitting by designation. STAHL, Circuit Judge. Defendant-appellant Jorge L. STAHL, Circuit Judge. _____________ Perez-Garcia challenges his conviction for carjacking, in violation of 18 U.S.C. 2119 (West 1992),1 and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. 924(c).2 We affirm. I. I. __ BACKGROUND BACKGROUND __________ On October 8, 1993, four gunmen, one of whom was later identified as Perez-Garcia, forcibly entered the home of Maria de los Angeles Rosado Rosario ("Rosado") in Bayamon,  ____________________ 1. The 1992 version of 2119 provides: Whoever, possessing a firearm, . . . takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-- (1) be fined under this title or imprisoned not more than 15 years, or both. 2. Section 924(c) provides: Whoever-- (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. -2- 2 Puerto Rico. The gunmen tied up Rosado's family and threatened to kill them if Rosado did not meet their demands for money and jewelry. In response to their threat, Rosado offered to bring the gunmen to her parents' farm in Barranquitas where a friend had allegedly buried some jewelry. Perez-Garcia instructed Rosado to give him her car keys. Perez-Garcia and one of his accomplices then forced Rosado to ride with them in her car to Barranquitas to recover the jewelry while the other gunmen remained at Rosado's house, holding her family hostage. When they arrived at the farm, Perez-Garcia and his accomplice forced Rosado, her mother, brother, and sister-in- law, all of whom were home at the time, to dig for the jewelry. After Rosado and the others unearthed six five- gallon buckets of valuables,3 at the gunmen's direction, they loaded them into the trunk of Rosado's car. The gunmen then forced Rosado and her sister-in-law into the car and ordered Rosado to return to Bayamon. Upon reaching Bayamon, Perez-Garcia instructed Rosado to stop at a public telephone. Perez-Garcia remained in the car while his accomplice ran across the street to  ____________________ 3. The buckets did not contain jewelry as Rosado had thought, but instead contained U.S. currency, totalling $654,100. -3- 3 place a call. While Perez-Garcia waited for his accomplice to return, three police officers approached Rosado's car with their weapons drawn and ordered Perez-Garcia to get out.4 Perez-Garcia instructed Rosado to drive away. When she refused, Perez-Garcia pushed her out of the car and drove off. After a brief pursuit, Perez-Garcia was apprehended. On November 3, 1993, a federal grand jury returned a two-count indictment, charging Perez-Garcia with carjacking, in violation of 2119 ("Count I"), and using a firearm in relation to a crime of violence, in violation of  924(c) ("Count II"). Before trial, Perez-Garcia filed a motion to dismiss Count II, arguing that the Double Jeopardy Clause barred simultaneous prosecution under 2119 and 924(c). The district court denied the motion and the case proceeded to trial. At the close of evidence, Perez-Garcia moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29,5 arguing that there was insufficient evidence to prove that the car was taken "from the person" of Rosado, as charged in  ____________________ 4. The gunmen remaining at Rosado's house had fled, and a member Rosado's family had called the police to report the incident and give them a description of Rosado's car.  5. Fed. R. Crim. P. 29 provides: "The court on motion of the defendant . . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." -4- 4 the indictment. The district court denied the motion and, on February 9, 1994,Perez-Garcia was found guilty onboth counts. At the sentencing hearing, Perez-Garcia made another motion to dismiss Count II on double jeopardy grounds. The district court denied the motion and sentenced Perez-Garcia to 175 months' imprisonment for Count I and sixty months' imprisonment for Count II. This appeal followed. II. II. ___ DISCUSSION DISCUSSION __________ On appeal, Perez-Garcia argues that the evidence was insufficient to support a conviction under 2119, because he had not taken the car "from the person" of Rosado, as charged in the indictment.6 Count I of the indictment charged that Perez- Garcia: aided and abetted by persons to the Grand Jury unknown and while in possession of a firearm . . . did take a motor vehicle from the person of Maria de los Angeles _______________ Rosado Rosario, by force, violence and intimidation . . . said motor vehicle having been transported, shipped or received in interstate or foreign  ____________________ 6. Perez-Garcia also argues that the Double Jeopardy Clause bars cumulative punishment under 2119 and 924(c). However, the First Circuit recently decided that "cumulative punishment under 18 U.S.C. 2119 and 924(c) does not offend the Double Jeopardy clause of the United States Constitution." United States v. Centeno-Torres, No. 94-1882, _____________ ______________ slip op. at 4 (1st Cir. Mar. 28, 1995). Accordingly, Perez- Garcia's double jeopardy claim fails.  -5- 5 commerce. All in violation of [18 U.S.C. 2119(1) and (2)]. (emphasis added). Perez-Garcia, in challenging his conviction, argues that the adduced facts belie the charge in the indictment. He contends that although he was charged, convicted, and sentenced for taking a motor vehicle "from the person" of Rosado, the evidence presented at trial proved that the motor vehicle was taken "from the presence" of Rosado.7 We reject his argument. Although Perez-Garcia frames his argument as a sufficiency-of-the-evidence challenge, in effect, he contends that there was a prejudicial variance between the facts proved at trial and those alleged in the indictment. "A variance occurs when the charging terms remain unchanged but when the facts proved at trial are different from those alleged in the indictment." United States v. Fisher, 3 F.3d _____________ ______ 456, 462 (1st Cir. 1993); see also United States v. Tormos- ___ ____ _____________ _______ Vega, 959 F.2d 1103, 1115 (1st Cir.), cert. denied, 113 S. ____ _____ ______ Ct. 191-92 (1992). "A variance is grounds for reversal only if it affected the defendant's 'substantial rights' -- i.e., the rights to 'have sufficient knowledge of the charge  ____________________ 7. Perez-Garcia contends that he effectively took Rosado's car when he obtained her car keys, at which time Rosado was inside her house and the car was parked on the street in front of the house. Perez-Garcia concedes that the car was taken from Rosado's observation or control -- i.e., "from the presence" of Rosado -- but argues that it was not taken "from the person" of Rosado, as charged in the indictment. Section 2119 criminalizes takings "from the person or presence." -6- 6 against him in order to prepare an effective defense and avoid surprise at trial, and to prevent a second prosecution for the same offense.'" Fisher, 3 F.3d at 463 (quoting _________ Tormos-Vega, 959 F.2d at 1115).  ___________ The carjacking statute does not define "from the person or presence," and neither do the robbery statutes upon which 2119 was based. See H.R. Rep. No. 102-851(I), 103d ___ Cong., 2d Sess. 5 (1992), reprinted in 1992 U.S.C.C.A.N. _________ __ 2829, 2834 ("definition of [carjacking] tracks the language used in other federal robbery statutes"); 18 U.S.C. 2111, 2113, and 2118. Courts generally agree that taking from a victim's person is understood to include the common law conception of taking from a victim's presence. See e.g., ___ ____ Collins v. McDonald, 258 U.S. 416, 420 (1922) ("taking _______ ________ property from the presence of another feloniously and by putting him in fear is equivalent to taking it from his personal protection and is, in law, a taking from the person"); Norris v. United States, 152 F.2d 808, 809 (5th ______ _____________ Cir.), cert. denied, 328 U.S. 850 (1946); Weisman v. United _____ ______ _______ ______ States, 1 F.2d 696, 698 (8th Cir. 1924); Mays v. State, 335 ______ ____ _____ So.2d 246, 248 (Ala. Crim. App. 1976); Mitchell v. State, 329 ________ _____ So.2d 658, 659 (Ala. Crim. App. 1976) (citing DeFranze v. ________ State, 241 So.2d 125, 127 (Ala. Crim. App.)), cert. denied, _____ _____ ______ 329 So.2d 663 (Ala. 1976); People v. Adams, 359 N.E.2d 840, ______ _____ 842 (Ill. App. Ct. 1977); State v. Constantine, 342 A.2d 735, _____ ___________ -7- 7 736 (Me. 1975); Williams v. State, 256 A.2d 776, 778 (Md. Ct. ________ _____ Spec. App. 1969); Commonwealth v. Lashway, 634 N.E.2d 930, ____________ _______ 932 (Mass. App. Ct.), review denied, 640 N.E.2d 475, 641 ______ ______ N.E.2d 1352 (Mass. 1994); State v. Reddick, 184 A.2d 652, 654 _____ _______ (N.J. Super. Ct. App. Div. 1962); State v. Webber, 513 P.2d _____ ______ 496, 498 (Or. Ct. App. 1973); State v. Howard, 693 S.W.2d _____ ______ 365, 368 (Tenn. Crim. App. 1985); Garland v. Commonwealth, _______ ____________ 446 S.E.2d 628, 629 (Va. App. 1994). Here, it is apparent that the vehicle was taken from the person of Rosado when the defendant forced her to ride with him in her car to the family farm. Such a taking was, in law, a taking of the motor vehicle "from the person" of Rosado. Thus, the facts proved at trial and those alleged in the indictment do not amount to a variance. III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the judgment below is  Affirmed. Affirmed. _________ -8- 8