**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Calvin MOORE (95–5082) and
Gabriel Vaughn (95–5084),
Defendants–Appellants.**

**Nos. 95–5082, 95–5084.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1995.

Decided Jan. 26, 1996.

David P. Folmar (argued and briefed), Office of the Attorney, Knoxville, TN, for U.S. in Nos. 95–5082, 95–5084.

Perry H. Piper (argued and briefed), Federal Services of Eastern Tennessee, Inc., Chattanooga, TN, for James Calvin Moore, Jr.

Jerry Sanford Sloan (briefed), Chattanooga, TN, for Gabriel Vaughn.

Before: BATCHELDER and MOORE, Circuit Judges; ENSLEN,* Chief District Judge.

PER CURIAM.

This appeal challenges the district court's denial of the defendants' motions to dismiss their indictments.

### Facts

On the night of May 6, 1994, and in the early morning hours of May 7, 1994, in East Chattanooga, Tennessee, defendant James C. Moore ("Moore") and defendant Gabriel Vaughn ("Vaughn"), along with Ronnie McClure and Nikita Johnson, began discussing ways of committing a robbery to get some quick cash. The group agreed to call a taxi-cab and rob the driver. The apparent plan was for Moore and Vaughn to get in the cab and instruct the driver to take them to a secluded part of Mark Twain Circle where they would then rob the driver. The other two members of the group were to travel to Mark Twain Circle separately.

Moore and Vaughn called the cab, and the cab took them to Mark Twain Circle. The two directed the cab to a secluded portion of the drive. Moore then pulled out a firearm and put it to the cab driver's head. Vaughn pulled out his own gun, pointed it at the driver, and demanded cash. Moore took the cash, and then ordered the driver to get out

---

* The Honorable Richard Alan Enslen, Chief United States District Judge for the Western District of Michigan, sitting by designation.

of the cab, open the trunk, and climb into the trunk. The driver complied. Moore and Vaughn then got into the vehicle and drove around Mark Twain Circle in search of Ronnie McClure and Nikita Johnson who had not yet joined them. On finding the others, Vaughn told them that the driver was in the trunk. Ronnie McClure instructed Vaughn that he would have to park the car or face getting caught. Vaughn drove the car back to the secluded part of Mark Twain Circle where the robbery had taken place. The spot overlooks a ravine leading to South Chickamauga Creek. Moore got out of the car. Vaughn then drove the vehicle over the curb, placed the transmission in neutral, got out of the car, and watched with Moore as the cab rolled down the 106-foot ravine and crashed against a boulder on the edge of the creek. The cab driver, still locked in the trunk, fortunately sustained no permanent physical injuries.

Moore and Vaughn eventually confessed to the events after their arrests. On May 11, 1994, a criminal complaint was filed against Moore and Vaughn, charging them with armed carjacking in violation of 18 U.S.C. § 2119. On May 13, 1994, a two-count Indictment was returned against Moore and Vaughn by a federal grand jury in the Eastern District of Tennessee, charging the two with carjacking in violation of 18 U.S.C. § 2119, and use of a firearm during a crime of violence, in violation 18 U.S.C. § 924(c). Moore and Vaughn each filed a motion to dismiss the indictment on the grounds that the undisputed facts contained in the indictment did not state a violation of 18 U.S.C. § 2119. The district court denied the motions. Moore and Vaughn then pled guilty to both counts, and timely filed this appeal of the district court's denial of their motions to dismiss.

### Standard

■ The issue presented on this appeal is a question of statutory interpretation. As a question of law, the standard of review is *de novo*. *United States v. Spinelle*, 41 F.3d

1. The statute has since been amended to require an intent to cause death or serious bodily harm.

1056, 1057 (6th Cir.1994); *United States v. Brown*, 915 F.2d 219, 223 (6th Cir.1990).

### Discussion

■ The offense of carjacking under 18 U.S.C. § 2119 (1992)[1] read in relevant part:

Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both.

Moore and Vaughn contend that they did not "take" the vehicle from the cab driver because the statute was only intended to apply to the permanent deprivation of an automobile for profit. The district court disagreed. We affirm the district court.

■ The plain, commonsense meaning of a statute controls absent ambiguity or some result "demonstrably at odds" with the drafter's intent. *Kelley v. E.I. DuPont de Nemours and Co.*, 17 F.3d 836, 842 (6th Cir.1994). The commonsense meaning of "to take" is to "get into one's hands or into one's possession, power, or control by force or stratagem." Webster's Third New International Unabridged, 2239 (1986). *See also,* The American Heritage Dictionary of the English Language 1311 (1981); Black's Law Dictionary 1453 (6th ed. 1990). Nothing in the text of the statute suggests anything other than this commonsense meaning; nothing in the text requires a profit motive or intent to permanently deprive.

■ Moore and Vaughn insist their convictions are contrary to Congress's intent to address only the permanent "taking" of automobiles for profit. While this is not a statute requiring consultation with the legislative history, *see Kelley,* 17 F.3d at 842, the legislative history actually reveals that Congress intended "to take effective measures to thwart *all* motor vehicle theft, not just theft related to 'chop shops.'" H.R.Rep. No. 851,

*See* 18 U.S.C. § 2119 (1995).

102d Cong., 2d Sess. (1992), *reprinted in* 1992 U.S.C.C.A.N. 2829, 2844 (emphasis added). Furthermore, Congress was concerned with more than auto theft: "In addition to economic costs, car owners are increasingly subject to violent crime." *Id.* at 2831. The carjacker's motive, whether it be profit or otherwise, is not relevant. *United States v. Harris,* 25 F.3d 1275, 1279–80 (5th Cir.1994).

 Nor is an intent to permanently deprive an element of the offense. Congress also explained that the "definition of [carjacking] tracks the language used in other federal robbery statutes." H.R.Rep. No. 851 at 17, *reprinted in* 1992 U.S.C.C.A.N. at 2834. *See also, United States v. Perez–Garcia,* 56 F.3d 1, 3 (1st Cir.1995). A review of the other federal robbery offenses in Title 18, Chapter 103 (18 U.S.C. §§ 2111, 2113, and 2118) confirms what is already clear. An intent to permanently deprive is not an element of the federal offenses covering the mere "taking" from the "person or presence" of another. *See, e.g., United States v. Lewis,* 628 F.2d 1276, 1278–79 (10th Cir.1980), *cert. denied,* 450 U.S. 924, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981) ("taking" under 18 U.S.C § 2113(a)); 2 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 53 (Aug.1995); 2 Edward J. Devitt et al. Federal Jury Practice and Instructions § 49 (1995) (citing authorities). "Taking" property as defined under the federal robbery statutes is simply the acquisition by the robber of possession, dominion or control of the property for some period of time.

 We are satisfied that when Moore and Vaughn ordered the driver out of the cab and into the trunk at gunpoint before driving off in search of their cohorts, they "took" possession, dominion or control of the vehicle "from the person or presence" of the cab driver. *Cf. Perez–Garcia,* 56 F.3d at 3 n. 7. (accepting that defendant had "taken" vehicle when he acquired keys to the car parked outside). This court cannot improve upon the district court's language:

> [W]hen a victim is forcibly removed from his automobile at gunpoint and placed in the trunk of his automobile, the automobile has been taken from the victim. Defendants seized the automobile and deprived [the cab driver] of the use and possession of his automobile for some time.... Defendants cannot escape the penalties of 18 U.S.C. § 2119 by simply placing the victim in the automobile trunk instead of leaving him beside the road.

 It matters not that Moore and Vaughn originally set out only to rob the cab driver of his cash. Whatever crime Moore and Vaughn originally planned to commit is irrelevant under § 2119 once it is established that they "took" the cab as well. *See Harris,* 25 F.3d at 1279 (commission of carjacking offense as an afterthought is nevertheless the commission of a carjacking).

For these reasons, we affirm the convictions of Moore and Vaughn.