PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 5/8/96**

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

vs.

       No. 95-5102

GERALD MARSHAL PAYNE,

       Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 94-CR-150-1-BU)

_____

Submitted on the briefs:[*]

Richard D. White, Jr. of White, Hack and Duke, P.A., Tulsa, Oklahoma, for Defendant-Appellant.

Stephen C. Lewis, United States Attorney, and Allen J. Litchfield, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

_____

Before PORFILIO, McKAY and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

Mr. Payne was convicted of two counts of counts of carjacking, 18 U.S.C. §§ 2, 2119, based on a scheme where the victim would be abducted and forced to make cash withdrawals with an ATM card. He now appeals. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Carjacking requires the government to prove that "the defendant, (1) while possessing a firearm, (2) took from the person or presence of another (3) by force and violence or intimidation (4) a motor vehicle which had moved in interstate or foreign commerce." United States v. Singleton, 16 F.3d 1419, 1422 (5th Cir. 1994) (footnote omitted). Accord United States v. Moore, 43 F.3d 568, 572 (11th Cir.), cert. denied, 116 S. Ct. 212 (1995). Mr. Payne maintains that the government failed to prove element (2), that he took a motor vehicle. According to Mr. Payne, the taking element requires an intent to steal or permanently deprive the victim of the motor vehicle, an intent which he lacked when he and his cohorts abducted their victims, commandeered their vehicles, and then abandoned those vehicles once the criminal purpose of the venture was achieved or thwarted by the victim.

We disagree. Carjacking is a general intent crime analogous to robbery. United States v. Martinez, 49 F.3d 1398, 1401 (9th Cir. 1995), cert. denied, 116 S. Ct. 749 (1996); United States v. Harris, 25 F.3d 1275, 1279-80 (5th Cir.), cert. denied, 115 S. Ct. 458 (1994). An intent to permanently deprive a victim of a motor vehicle is not required by the "taking" element. United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996); see also United States

v. Lewis, 628 F.2d 1276, 1278-79 (10th Cir. 1980) (bank robbery under 18 U.S.C. § 2113(a) did not require any more than temporary taking of funds), cert. denied, 450 U.S. 924 (1981). The carjacker's motive for stealing the vehicle, be it for profit, convenience or as an instrumentality of another crime, is irrelevant. Harris, 25 F.3d at 1280. When judged against these standards and in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidence is sufficient.

AFFIRMED.