UNITED STATES of America,
Plaintiff–Appellee,

v.

Eliodero DeLaCORTE, Defendant–
Appellant.

No. 95–10524.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1996.

Decided May 5, 1997.

Jonathan B. Conklin, Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

Eric K. Fogderude, Fletcher & Fogde-rude, Inc., Fresno, California, for defendant-appellant Eliodero DeLaCorte.

Before BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.*

GILLMOR, District Judge:

A number of issues in this and a related case have been disposed of by memorandum disposition. The present opinion is ad-dressed to a single point, raised by appellant Eliodero DeLaCorte. The issue is whether a carjacking under 18 U.S.C. § 2119 requires

* The Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

that the victim be forced to leave his car. We conclude that it does not.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS

At approximately 10:00 p.m. on August 7, 1994, Douglas Toepfer pulled his pick-up truck into the driveway of his apartment in Bakersfield, California. As he did so, appellant Eliodero DeLaCorte approached the truck holding a 9 millimeter handgun. DeLaCorte pointed the gun at Toepfer, telling Toepfer to move over and that he was "going for a ride." Toepfer then pointed out that a sheriff's car was parked nearby. After hearing this, DeLaCorte and a female companion entered the truck on the passenger side. DeLaCorte ordered Toepfer to start driving.

DeLaCorte gave Toepfer specific instructions, directing him to drive to a home in northeast Bakersfield. The drive took about twenty minutes. When Toepfer pulled his truck into the driveway of the home, DeLaCorte told Toepfer to turn off the truck engine and to give the keys to DeLaCorte. Toepfer complied. After taking ten dollars from Toepfer, DeLaCorte threw the keys toward the house and told Toepfer to wait for five minutes before leaving. DeLaCorte and his companion then fled the area on foot. After DeLaCorte left, Toepfer found his keys, returned home in his truck, and telephoned the Bakersfield Police Department.

. At no time during this incident did DeLaCorte and his companion force Toepfer to leave his truck. Toepfer drove the truck throughout the episode.

Police arrested DeLaCorte at approximately 11:30 p.m. on August 7, 1994, shortly after the carjacking of another vehicle on Height Street in Bakersfield. Later that night, police twice asked Toepfer to view persons in custody to see if he could identify his assailants. On the first occasion, at around midnight, Toepfer viewed a group of people and saw nobody he recognized. On the second trip, at around 1:30 a.m., Toepfer identified DeLaCorte as his male assailant.

## PROCEEDINGS

On September 1, 1994, a federal grand jury filed a twelve-count indictment against DeLaCorte. The indictment charged DeLaCorte with carjacking Toepfer's truck, in violation of 18 U.S.C. § 2119, and with using a firearm during the carjacking, in violation of 18 U.S.C. § 924(c)(1). The indictment also charged DeLaCorte with involvement in two other armed carjackings and three armed robberies.

On September 12, 1995, DeLaCorte's trial commenced. At trial, Toepfer again identified DeLaCorte as his assailant. Toepfer testified that DeLaCorte used a 9 millimeter handgun. He also testified that the gun offered into evidence by the government at trial looked like the gun used by DeLaCorte during the incident. On September 15, 1995, the jury convicted DeLaCorte on ten of the twelve counts in the indictment. The jury convicted DeLaCorte of carjacking Toepfer's truck and of using a firearm during the carjacking. On December 4, 1995, the District Court sentenced DeLaCorte to 1,128 months in custody.

## ANALYSIS

We are presented with the question of whether DeLaCorte carjacked Toepfer's truck within the meaning of 18 U.S.C. § 2119. Specifically, we must determine whether DeLaCorte "took" Toepfer's truck as required by § 2119, despite the fact that Toepfer was never forced to leave his truck.

The interpretation of a statute is a question of law reviewed de novo. *Parravano v. Babbitt*, 70 F.3d 539, 543 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2546, 135 L.Ed.2d 1066 (1996) *Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 783 (9th Cir.1995); *Allen v. Shalala*, 48 F.3d 456, 457 (9th Cir.1995).

18 U.S.C. § 2119 applies when a defendant "takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation, or attempts to do so...." 18 U.S.C. § 2119. This Circuit has not addressed whether the "taking" element of § 2119 requires the defendant to either de-

prive the victim of his car or merely to take control of the car.

In *United States v. Martinez*, 49 F.3d 1398, 1403–04 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 749, 133 L.Ed.2d 696 (1996), we rejected a vagueness challenge to 18 U.S.C. § 2119. *Martinez* held that the phrase "taking a motor vehicle," among others, was "clear and easy to understand, and reasonably define[d] the prohibited behavior." *Id.* at 1403. Because *Martinez* addressed the vagueness challenge only as applied to the facts of that case, *id.* at 1403–04, it did not offer a precise definition of "taking." The defendant in that case had caused a passing driver to slow down, and "eventually to relinquish her vehicle." *Id. Martinez* thus found that a defendant who forced a victim to relinquish her vehicle did "take" the car, *id.* at 1403, but it did not reach the issue raised here.

We believe that an interpretation of "taking" under 18 U.S.C. § 2119 that requires the physical relinquishment of a vehicle is unduly restrictive. Such an interpretation ignores the fact that a defendant can take control of a vehicle from its owner even though the victim remains in the car and continues to drive it. Here, for example, Toepfer continued to drive his truck, but DeLaCorte specifically instructed him where to drive. DeLaCorte pointed his gun at Toepfer, who feared for his safety and did whatever DeLaCorte instructed. DeLaCorte took control of Toepfer's truck.

DeLaCorte's interpretation of "taking" ignores the surrounding statutory language. Section 2119 specifies that crucial elements of carjacking are "force and violence" and "intimidation." 18 U.S.C. § 2119. A victim who is forced to remain in the car with his assailant, subject to the assailant's continuing threats and possible violence, will often experience more prolonged and severe intimidation and be placed in greater danger than a victim who is immediately released. DeLaCorte's interpretation of the "taking" element of § 2119 would result in a definition of carjacking that does not adequately address the "intimidation" and "violence" elements of the statute.

The First and Sixth Circuits have held that the "taking" element of § 2119 is satisfied when defendants take control of a victim's vehicle, even if they do not force him to relinquish it. In *United States v. Moore*, 73 F.3d 666, 669 (6th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 1866, 134 L.Ed.2d 964 (1996), the Sixth Circuit held that the defendant had "taken" a car from the victim when the defendant locked the victim in the trunk at gunpoint. The court held that "taking" for purposes of the carjacking statute, as with other federal robbery offenses, required "simply the acquisition by the robber of possession, dominion or control of the property for some period of time." *Id.*

In *United States v. Perez–Garcia*, 56 F.3d 1, 3 (1st Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 400, 133 L.Ed.2d 319 (1995), the First Circuit held that the defendant took a vehicle from the person of the victim when he forced her to ride with him in her car. Only when police later approached the car did the defendant force the victim out of her car. *Id.* at 2. The court reasoned that § 2119 incorporated the common law conception of "taking from the person," which included taking property from the personal control of its owner. *Id.* at 3.

We agree with the analysis in *Moore* and *Perez–Garcia*. We conclude that 18 U.S.C. § 2119, rather than creating a brand new definition of "taking" for purposes of carjacking, incorporates the understanding of that term as developed under the common law and in other federal robbery statutes. We hold that a carjacking under § 2119 does not require that the victim be forced to leave his vehicle.

We conclude that DeLaCorte took Toepfer's truck within the meaning of 18 U.S.C. § 2119. We affirm DeLaCorte's carjacking conviction.

AFFIRMED.