Giordano v. NH State Prison          CV-97-154-M    03/12/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Vincent Giordano

    v.                                    Civil No. 97-154-M

Michael Cunningham, Warden,
New Hampshire State Prison


**O R D E R**


    Petitioner, Vincent Giordano, proceeding pro se, seeks

habeas corpus relief, pursuant to 28 U.S.C.A. § 2254, from

incarceration following his burglary conviction in state court.

Giordano alleges that his conviction and sentence are in

violation of his federal constitutional rights.  Both parties

have filed motions which are resolved as follows.


**A.    Motion to Reconsider Order of January 23, 1998**

    Petitioner filed an amended petition on June 10, 1997, (the

third petition he filed) alleging fifteen claims in support of

habeas relief.  The government responded with a motion to dismiss

that was denied on November 14, 1997.  In the meantime, on

September 17, 1997, petitioner moved to amend his petition,

proposing an amended petition that asserted six claims.  The

government filed its answer on December 4, responding to the

proposed amended petition rather than the June petition.  On

December 18, petitioner moved to withdraw his motion to amend his

petition and to strike the government's answer that addressed his

proposed amended petition.  In his December motion, petitioner

also said, however, that the September proposed amended petition contained "many viable claims for relief that he now does not wish to abandon." Faced with that confusing state of affairs, the Magistrate Judge granted petitioner's September motion to amend his petition and denied his motion to withdraw his motion to amend.

Petitioner's present motion asks for reconsideration of the Magistrate Judge's order granting his motion to amend and denying his motion to withdraw the September proposed amended petition. Petitioner seems to argue that his present amended petition (document no. 48), which he proposed in September 1997, does not adequately state his claims for relief, but that his previous amended petition (filed in June 1997) is also inadequate.

Assuming that to be the situation, petitioner's present motion is deemed to be a motion to amend his petition. Accordingly, petitioner is granted one last opportunity to amend his petition to attempt to state claims in support of habeas relief. The new amended petition shall be filed within twenty days of the date of this order, no extensions of time shall be allowed. If petitioner does not file an amended petition within the twenty days allowed, the present amended petition (document no. 48)(which states six claims for relief, and was allowed by the Magistrate Judge's order dated January 23, 1998, and answered by the government in December 1997) shall stand as the pending petition. If an amended petition is timely filed, it must again

meet the requirements of section 2254, beginning the review process anew.

B.    **Petitioner's Motion for Evidentiary Hearing**

Petitioner filed a motion for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases. Rule 8(a), in pertinent part, provides:  "the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required."  Since petitioner may file a new amended complaint necessitating a new response by the government, the record is not yet sufficiently complete for review.  Petitioner's motion for a hearing is denied.

The court also, notes, however, that because petitioner filed after April 24, 1996, the amendments to section 2254 enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1218 (April 24, 1996) are applicable here.  Section 2254(e) limits the availability of an evidentiary hearing:

> (1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

3

> (A) the claim relies on--
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(1996).

The scope of section 2254(e)(2) is somewhat unclear, that is, whether the section provides the exclusive means for an evidentiary hearing or whether it limits the opportunity only if a petitioner is at fault in the failure to develop the evidentiary record in state court. See, e.g., Burris v. Parke, 116 F.3d 256, 258-59 (7th Cir. 1997); Love v. Morton, 112 F.3d 131 (3d Cir. 1997); Otsuki v. Dubois, No. 97-10753-JLT, 1998WL59064 (D. Mass. Feb. 5, 1998) (collecting cases and articles and discussing differing interpretations); Cardwell v. Netherland, 971 F. Supp. 997, 1011 (E.D. Va. 1997). Petitioner has not indicated in his motion what material facts might be resolved at a hearing, whether those facts were developed in an evidentiary record in a state court proceeding, whether, if the facts were not developed, the failure was his fault, and if so, whether he can meet the requirements of section 2254(e)(2). Thus, even assuming that this court would follow the courts that have decided that blameless failure to develop a state factual record is not governed by section 2254(e)(2) and instead applied the more lenient pre-AEDPA criteria for an evidentiary hearing,

4

the so-called <u>Townsend/Keeney</u> factors, petitioner has not shown in his motion that an evidentiary hearing is required.  <u>See, e.g.</u>, <u>Porter v. Gramley</u>, 112 F.3d 1308, 1317 (7th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 886 (1998).

**C.    <u>Motion to Produce Transcript of Hearing</u>**

Petitioner moves for production of a transcript of a hearing held on September 21, 1988, during the state's criminal proceedings against him, pertaining to his motion to return his property.  The government has not produced that transcript nor described the hearing in its answer.  In his present motion, petitioner says that the prosecutors' references during his criminal trial to his efforts to have certain property returned to him (property that the prosecutors represented was stolen) violated his federal due process rights.  That particular claim does not seem to be included in either of his petitions for habeas relief.  The only mention of the issue is in the context of an ineffective assistance of counsel claim, "Ground Eleven," in the June 1997 amended petition.

If petitioner amends his petition and includes a claim relevant to the September 21, 1988, hearing, and if petitioner shows that remedies pertaining to that claim were exhausted in state proceedings (or petitioner otherwise meets the requirements of section 2254(b)), the government will address the availability of the transcript in its answer.  If petitioner does not file an amended petition within the time allowed, the transcript will not

be relevant as his currently filed amended petition, originally proposed in September 1997, does not raise the issue. As the transcript is not relevant to petitioner's present claims, petitioner's motion is denied.

**D.     Government's Motion for Summary Judgment**

The government moves for summary judgment on petitioner's amended petition for a writ of habeas corpus (the petition asserting six claims that was proposed in September 1997 and allowed in January 1998). Since petitioner may now amend his petition, as allowed in Part A above, the present motion for summary judgment must be denied without prejudice to refile after petitioner either files a new amended petition within the time allowed, and the government files its response, or petitioner proceeds with the present amended petition. The government's motion for a scheduling order, addressing the time to file the current motion for summary judgment, is moot. The government may file an appropriate dispositive motion after the time allowed for petitioner to amend his petition has expired.

Petitioner moved, pursuant to Federal Rule of Civil Procedure 56(f), to continue consideration of the government's motion for summary judgment on grounds that discovery was necessary for his response. As the motion for summary judgment has been denied, petitioner's motion is moot.

However, the court anticipates that the government may again file a motion for summary judgment, and cautions petitioner that

6

Rule 56(f) provides relief from summary disposition only when the objecting party makes a sufficient showing of need. To avoid summary judgment under Rule 56(f), the objecting party must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier. <u>Reid v. State of New Hampshire</u>, 56 F.3d 332, 341 (1st Cir. 1995). A mere reference to Rule 56(f), as petitioner submitted in opposition to the government's motion, will not delay consideration of summary judgment.

<u>Conclusion</u>

For the foregoing reasons, petitioner's motion for evidentiary hearing (document no. 36) is denied; petitioner's motion for reconsideration (document no. 52) is granted as provided in Part A above: **petitioner may file an amended petition within twenty days of the date of this order and not after that time**; petitioner's motion to produce a transcript (document no. 62) is denied. The government's motion for summary judgment (document no. 53) is denied without prejudice to refile; the government's motion for scheduling order (document no. 39) is denied as moot; petitioner's motion to continue (document no. 55) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 12, 1998

cc:   Vincent Giordano
      Ann M. Rice, Esq.

8