**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4527**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOMINICKE ANTOINE TRIGGS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CR-03-413)

---

Submitted:  September 9, 2005          Decided:  November 3, 2005

---

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mark J. Petrovich, PETROVICH & WALSH, P.L.C., Springfield, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Patrick F. Stokes, Patricia M. Haynes, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dominicke Antoine Triggs appeals from his conviction for one count of conspiracy, in violation of 18 U.S.C. § 371 (2000); two counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (2000); two counts of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (2000); one count of kidnaping, in violation of 18 U.S.C. § 1201(a)(1) (2000); and, one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000), and his resulting sentence of 524 months' imprisonment. Triggs was convicted after a jury trial and he now raises the following claims: (1) sufficiency of the evidence to prove that his conduct met the elements required for the carjacking offenses; (2) violation of his Sixth Amendment right to confront witnesses when the district court limited his cross-examination of key Government witnesses to reference a related state court trial as a "prior proceeding;" and, (3) his sentence was unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004).

Triggs first argues that there was insufficient evidence to find beyond a reasonable doubt that his taking of the victim's car comported with the requisite elements set forth in 18 U.S.C. § 2119 (2000). The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60,

- 2 -

80 (1942).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).  In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government.  United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Section 2119 provides that, "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-(1) be fined under this title or imprisoned not more than 15 years, or both."  18 U.S.C. § 2119.  The jurisdictional element of 18 U.S.C. § 2119 requires that the government prove that the car in question has been moved in interstate commerce, at some time.  See United States v. Johnson, 22 F.3d 106, 108-09 (6th Cir. 1994).  The intent requirement of § 2119 is satisfied when the government proves that, at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car.  Holloway v. United States, 526 U.S. 1, 12 (1999).  The government need not prove that the defendant actually intended to cause the harm; it is sufficient

that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle. United States v. Wilson, 198 F.3d 467, 470 (4th Cir. 1999). The "taking" element of § 2119 is satisfied when defendants take control of a victim's vehicle, even if they do not force him to relinquish it. See, e.g., United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996). We conclude that, when construed in the light most favorable to the government, the evidence presented at trial was sufficient to establish the requisite elements of 18 U.S.C. § 2119. Glasser, 315 U.S. at 80. Accordingly, we affirm Triggs' convictions on counts two and four (the carjacking charges).[1]

Triggs next asserts that the district court's pretrial ruling that, when cross-examining key Government witnesses, he must refer to a prior state court trial as a "prior proceeding" violates his Sixth Amendment right to confront witnesses. A district court's limitation on a defendant's cross-examination is reviewed for an abuse of discretion. United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994) (citation omitted). "[I]t is clear from Supreme Court precedent that the Sixth Amendment guarantees the right of a criminal defendant to reasonable cross-examination, when otherwise appropriate, for the purpose of impeaching the

_____

[1]Because we find the evidence was sufficient to support Triggs' conviction on counts two and four (the carjacking charges), Triggs' challenge to count three (use of a firearm during and in relation to a crime of violence) also fails.

credibility of key witnesses." Quinn v. Haynes, 234 F.3d 837, 847 (4th Cir. 2000). It does not follow, however, that the Confrontation Clause prohibits a trial judge from imposing limits on the impeachment of a prosecution witness. Id. "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). We find that Triggs' ability to cross-examine the Government's witnesses was not unconstitutionally restricted, because the district court, in its ruling, permitted a thorough and substantial examination of the witnesses' potential biases and motives. Accordingly, we conclude that this argument fails.

Finally, citing Blakely v. Washington, 542 U.S. 296 (2004), Triggs contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury. Because Triggs did not object to his sentence in the district court based on Blakely, or United States v. Booker, 125 S. Ct. 738 (2005), this court's review is for plain error.[2] United States v. Hughes, 401 F.3d 540, 547 (4th Cir.

---

[2]We find no merit to Triggs' argument that his Blakely objection was preserved below because it was raised in a motion to vacate pursuant to 28 U.S.C. § 2255 (2000). This motion was filed

2005).  To demonstrate plain error, Triggs must establish that error occurred, that it was plain, and that it affected his substantial rights.  Id. at 547-48.  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).  Even assuming that the district court erred because at least one enhancement[3] was imposed based upon facts found by the court under the mandatory guidelines scheme, Hughes, 401 F.3d at 547, and that error was plain, Hughes, 401 F.3d at 547-48, to affect Triggs' substantial rights, the sentence imposed must have been longer than the term of imprisonment that the court could impose based solely on the jury's findings or the facts admitted by the defendant.  Id. at 548.  We find that Triggs is unable to establish such prejudice.

_____

in the district court (1) after the entry of final judgment and (2) was dismissed based on the pendency of the instant appeal.  Thus, this issue was not properly presented for the district court's consideration.

[3]Triggs appears to imply that more than one enhancement was applied to his sentence (App. Br. at 20-21); however, he briefs only the two-level enhancement for obstruction of justice with any specificity.  Thus, Triggs has waived his appeal of any other enhancements to his sentence.

- 6 -

In imposing a sentence upon Triggs, the district court calculated his base offense level to be twenty-six. This was enhanced two levels for obstruction of justice. An additional level was added pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3D1.4 (2003), pertaining to grouping of closely related counts. Based upon Triggs' offense level of twenty-nine and criminal history category of V, the sentencing range calculated by the district court was 140 to 175 months. An actual sentence of 140 months was imposed.

To affect Triggs' substantial rights, the 140-month sentence imposed upon him must have been longer than the term of imprisonment that the court could impose based solely on the jury's findings or the facts admitted by the defendant. Id. Absent the challenged two-point adjustment for obstruction of justice, Triggs' base offense level for the grouping of Counts Two, Four, and Five would be twenty-six, as opposed to twenty-eight. However, in this circumstance, a two-level increase for closely related groupings was added to the base level pursuant to USSG § 3D1.4.[4] The

---

[4]The adjustment applied to Triggs' grouping for Counts Two, Four, and Five, is applied pursuant to USSG § 3D1.4. According to this section, the combined offense level for a grouping is determined by taking the group with the highest offense level (the most serious group) and increasing that offense level by comparing it to the next highest grouping. USSG § 3D1.4, cmt. 2. The highest grouping received an offense level of twenty-eight. Absent the two-point enhancement for obstruction of justice, the offense level assigned would have been twenty-six. Pursuant to USSG § 3D1.4, this offense level would be increased two levels, as the next highest grouping, with an offense level of twenty-two, had an

resulting combined adjusted offense level for this group would have been twenty-eight. A combined adjusted offense level of twenty-eight, and a criminal history category of V results in a Guidelines range of 130 to 162 months' imprisonment. (USSG, <u>Sentencing Table</u>). Triggs' sentence of 140 months' imprisonment falls squarely in the middle of this range. Thus, because the district court did not "impose a sentence greater than the maximum authorized by the facts [admitted] by the [defendant] alone," <u>see</u> <u>United States v. Evans</u>, 416 F.3d 298, 299 (4th Cir. 2005) ("Because Evans' sentence of 96 months' imprisonment does not exceed the maximum authorized by the facts he admitted, no Sixth Amendment error occurred."), we find that Triggs was not prejudiced.

Accordingly, we affirm Triggs' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

offense level that was one to four levels less serious than the highest offense level calculated. § 3D1.4(a).