**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4089**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARVIN ORLANDO DAVIS,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00051-CCE-2)

Submitted: October 28, 2014   Decided: November 10, 2014

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marvin Orlando Davis of carjacking, in violation of 18 U.S.C. §§ 2119(1), 2 (2012), and of carrying and using by brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2012). On appeal, Davis claims that (1) there was insufficient evidence to support his carjacking conviction[*] and (2) the district court erred in admitting portions of the testimony of one witness. Finding no error, we affirm.

I.

A person is guilty of carjacking if the Government proves beyond a reasonable doubt that the person: "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Blake, 571 F.3d 331, 351 (4th Cir. 2009) (internal quotation marks omitted).

---

[*] Davis addresses only the carjacking conviction in his brief, and we limit our analysis to that offense.

A.

Davis asserts that the testimonial evidence was insufficient to support his carjacking conviction. We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted). In considering whether there is substantial evidence to support a conviction, we must "view[] the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." Id. (internal quotation marks omitted).

Evidence at trial included testimony from Addison Woods (the victim), Misty Neese (a witness), a cellblock mate of Davis's, and Larry Byrnes (a Honda employee familiar with vehicle identification numbers). Woods testified that Davis and Adam Bradley entered a room occupied by Woods and Neese. Bradley, while holding a pistol, demanded Woods's car keys. When Woods did not comply, Bradley struck Woods in the head with the pistol, causing Woods to surrender his keys. Davis searched

3

Woods's pockets and took Woods's wallet. Davis and Bradley exited the house and used Woods's keys to operate Woods's car. According to Woods, Davis willingly participated in the offense.

Neese corroborated Woods's testimony. According to Neese, Bradley and another man entered her room, and Bradley struck Woods in the head with a pistol. The man with Bradley then searched Woods's pockets, taking Woods's wallet. Although unable to identify Davis as the man with Bradley, Neese testified that that man willingly participated in the offense.

The testimony of Davis's cellblock mate also corroborated Woods's version of events. This witness was a long-term acquaintance of Davis's and was confined with Davis for three months. He testified that Davis admitted planning the theft of Woods's vehicle, including Bradley's possession of the pistol. The witness's testimony included details of the offense similar to those provided by Woods and Neese.

Finally, Byrnes testified that, based on its vehicle identification number, Woods's car was made in Ohio.

This testimony provided the jury with ample evidence to conclude that Davis was guilty of carjacking. Davis's claim that the witnesses were not credible fails, as "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the

4

jury decides which interpretation to believe." United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007) (internal quotation marks omitted). While Davis argues he merely borrowed Woods's car, the evidence that Bradley struck Woods in the head with a pistol and Davis took Woods's wallet supports the jury's verdict of carjacking. Davis's argument that he intended to return the car is unpersuasive because intent to permanently deprive the victim of his vehicle is not an element of carjacking. United States v. Payne, 83 F.3d 346, 347 (10th Cir. 1996); United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996). Finally, the trial testimony contradicts Davis's argument that Bradley coerced him into stealing Woods's car, and a jury may rely entirely on circumstantial evidence to assess a defendant's intent. See United States v. Ibisevic, 675 F.3d 342, 353 (4th Cir. 2012). Accordingly, Davis fails to sustain his heavy burden of demonstrating that the testimonial evidence was insufficient to support his conviction for carjacking.

B.

Next, Davis asserts that the fourth element of the carjacking statute, taking the car "from the person or presence of another," is satisfied only if the victim is in or immediately next to his vehicle when the vehicle is taken. Where we interpret the elements of a criminal statute, the

5

question is one of law that we review de novo.  United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003).

Every circuit to have considered this argument has concluded that the carjacking statute does not require that the victim be in or immediately beside his car, and has found sufficient evidence where the victim is in a building when his car keys are forcibly taken from him and his car is parked nearby.  See United States v. Casteel, 663 F.3d 1013, 1019-20 (8th Cir. 2011) (collecting cases).  The circuits have reached this conclusion by applying some version of the following principle:  "A motor vehicle is in the presence of the victim if it is so within his or her reach, inspection, observation, or control that he or she could, if not overcome by violence or prevented by fear, retain possession of it."  United States v. Soler, 759 F.3d 226, 235 (2d Cir. 2014).  Applying this principle to the facts of this case, we can easily conclude that the evidence satisfies the "presence" element.

## II.

Davis next contends that the district court erred in admitting two portions of testimony.  First, Davis challenges the district court's admission of testimony that Davis hatched a plan to bribe Woods with drugs in exchange for Woods dropping the charges, citing Fed. R. Evid. 404(b) and 403.  As Davis preserved his objections, we review the district court's

6

admissibility determination for abuse of discretion. <u>United States v. Lighty</u>, 616 F.3d 321, 351 (4th Cir. 2010).

"Rule 404(b) prohibits evidence of other crimes or bad acts committed by the defendant if offered solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." <u>United States v. Moore</u>, 709 F.3d 287, 295 (4th Cir. 2013) (internal quotation marks omitted). As Rule 404(b) is inclusive in nature, this list "is not exhaustive," and evidence may be admitted for other purposes so long as the evidence does not tend to prove only criminal disposition. <u>United States v. Basham</u>, 561 F.3d 302, 326 (4th Cir. 2009). Evidence admitted under Rule 404(b) must be "reliable," <u>United States v. Hodge</u>, 354 F.3d 305, 312 (4th Cir. 2004), and its probative value must not be outweighed by unfair prejudice, Fed. R. Evid. 403.

A defendant's plan to intimidate or influence a government witness demonstrates the defendant's consciousness of guilt and shows that the defendant knows "his case is a weak or unfounded one." <u>United States v. Van Metre</u>, 150 F.3d 339, 352 (4th Cir. 1998) (internal quotation marks omitted). Davis's plan to bribe Woods undermined Davis's defense that he borrowed Woods's car. As Davis's cellblock mate provided specific

7

details of the offense and had known Davis for years, the testimony was reliable. Nor is the probative value of this evidence outweighed by any danger of unfair prejudice under Rule 403. Evidence of a defendant's consciousness of guilt is "highly probative" and, although "undoubtedly prejudicial," not unfairly so. See United States v. Lentz, 524 F.3d 501, 525-26 (4th Cir. 2008) (finding no abuse of discretion where district court admitted evidence of defendant's plan to kill adverse witness). Accordingly, the district court did not abuse its discretion by admitting this evidence.

Second, Davis challenges testimony that Davis planned to cry on the witness stand in order to gain juror sympathy. At trial, Davis objected on relevancy and Rule 403 grounds. Evidence is "relevant" if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Davis's plan to cry on the stand tends to prove his consciousness of guilt, and thus is relevant. The district court did not abuse its discretion in overruling Davis's objections.

Finally, and for the first time on appeal, Davis argues that evidence of his plan to cry on the stand was inadmissible under Rule 404(b). Where a defendant fails to preserve a ground for objection, we review the district court's

admission of evidence for plain error.  <u>United States v. Zayyad</u>, 741 F.3d 452, 459 (4th Cir. 2014).  Given the weight of the other evidence and the limited focus placed on the disputed evidence, Davis has not shown that admission of the evidence was error, much less plain error, under Rule 404(b).

## III.

Accordingly, we affirm Davis's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>