[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15524
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cr-00238-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NESTER LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 16, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

A grand jury charged Nester Leon with carjacking, 18 U.S.C. § 2119, and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Leon pleaded not guilty and proceeded to trial.  At the close of the government's evidence, Leon moved for judgment of acquittal.  The district court denied his motion and the jury found Leon guilty of both counts.  Leon contends that the district court improperly denied his motion for judgment of acquittal because there is insufficient evidence to support his carjacking conviction.

I.

Leon and his victim, Lester Perez, were not strangers.  About two weeks before Leon stole Perez's car, Perez spotted Leon outside a nightclub and thought he recognized him from high school.  Perez invited Leon to his home that night where the two rekindled their relationship.  Over the following days, Leon and Perez exchanged text messages.  On the night of the incident giving rise to this case, Perez picked up Leon and the two drove to a credit union where Perez parked his car and walked to the ATM to withdraw money.

While Perez was using the ATM, Leon slid into the driver's seat, put the car in reverse, and accelerated.  Perez heard his car reversing, turned around, saw Leon in the driver's seat, and ran to the passenger side of the car.  By the time Perez reached the passenger-side door, Leon had stopped the car to switch from reverse to drive.  Perez exclaimed, "stop, stop, what are you doing," at which point Leon

2

pointed a gun at Perez's face and fired a bullet through the open passenger-side window. The shot missed and Leon sped away. Perez phoned 911 from a nearby store and, shortly thereafter, police located his car and apprehended Leon.

## II.

To sustain a conviction for carjacking under 18 U.S.C. § 2119, "the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001). Leon argues that the record contains insufficient evidence as to the first and fifth elements because he did not have the intent to kill or seriously harm Perez when he took his car and because he did not use force and violence or intimidation to take the car.

## A.

Leon did not argue to the district court that there is insufficient evidence to support a finding of intent. As a result, we review that argument only for plain error. See United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999) ("Since the record does not show that Appellant raised this issue to the district court, our review of the district court's decision to deny the motion for judgment of acquittal on that basis is only for 'plain error.'"). "We will reverse a district

3

court's decision under the plain error rule only if there is:  (1) error, (2) that is plain, and (3) that affects substantial rights, and if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Doyle, 857 F.3d 1115, 1118 (11th Cir. 2017) (quotation marks omitted).

Leon's intent must "be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude."  United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001).  Judged from that perspective, his argument fails.  The court did not err — plainly or otherwise — by concluding that Leon was willing to kill or seriously harm Perez if necessary to take his car when he pointed a gun at Perez's face and fired before speeding away.

### B.

Leon did argue to the district court that the government failed to show he used force and violence or intimidation to take Perez's car.  As a result, we review de novo whether there is sufficient evidence to support the jury's verdict on that basis.  United States v. Jiminez, 564 F.3d 1280, 1284 (11th Cir. 2009).  We must view the evidence in the light most favorable to the government and draw all reasonable factual inferences and credibility determinations in favor of the verdict.  Id.  The evidence supports a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  Id. at 1285.

4

Leon argues that he took Perez's car by stealth — not by "force and violence or intimidation" — because he acquired control of it by sliding into the driver's seat while an unwitting Perez used the ATM.  Leon does not dispute using force and violence or intimidation by pointing and firing the gun at Perez, but asserts that he did so only after acquiring control of the car.  Because he used force and violence or intimidation to retain control of the car, but not to take it, he argues that he did not commit the federal crime of carjacking.  By contrast, the government argues that the taking was ongoing when Leon pointed and fired the gun at Perez because that was how he "secured dominion" over the car.  To evaluate those arguments, we must determine precisely when Leon "took" Perez's car.

We have not defined "taking" for § 2119 purposes, but our sister circuits have defined it by reference to the crime of robbery at common law.  See United States v. Petruk, 781 F.3d 438, 442 (8th Cir. 2015) (noting that "taking" is "a common law term of art derived from the law of robbery"); United States v. Figueroa-Cartagena, 612 F.3d 69, 78 (1st Cir. 2010) (same); United States v. DeLaCorte, 113 F.3d 154, 156 (9th Cir. 1997) ("We conclude that 18 U.S.C. § 2119 . . . incorporates the understanding of that term as developed under the common law and in other federal robbery statutes."); see also United States v. Wright, 246 F.3d 1123, 1126 (8th Cir. 2001) (defining "taking" as "the acquisition by the robber of possession, dominion or control of the property for some period of

time"); United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996) (same).  At

common law "taking" was a term of art that referred to the act of "securing

dominion" over something.  See Figueroa-Cartagena, 612 F.3d at 78 (citing 2

Wayne R. LaFave, Substantive Criminal Law § 19.3 (2d ed. 2003)).

Viewing the evidence in the light most favorable to the government, the

record supports Leon's conviction.  When Leon shot at Perez, Perez was near the

passenger-side door of the car.  Perez's proximity to the car coupled with the fact

that Leon felt compelled to point and fire the gun at Perez could lead a reasonable

trier of fact to conclude that Leon had not yet "secured dominion" over the car.  If

he had secured dominion over it, there would have been no need for him to fire at

Perez.  As a result, the evidence supports a conclusion that the taking was ongoing

at the time Leon used force and that Leon "took [Perez's car] . . . by force and

violence or intimidation."  18 U.S.C. § 2119.

Because a reasonable jury could find that Leon took Perez's car by force and

violence or intimidation with intent to cause death or serious bodily harm, there is

sufficient evidence to support Leon's carjacking conviction.  Diaz, 248 F.3d at

1096.  Leon does not contest possessing a gun during the incident.  As a result,

there is sufficient evidence to support Leon's conviction for possession of a

firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).  United

States v. Moore, 43 F.3d 568, 572 (11th Cir. 1994) ("[A]ny defendant who

possesses a firearm within the meaning of section 2119 necessarily uses or carries it as defined in § 924(c)(1).").

**AFFIRMED.**