# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3400

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Varle Caprice Wright, also known as | * | |
| "Petey," | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  May 9, 2000

Filed:  April 17, 2001

_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Varle Caprice Wright appeals his conviction for taking a motor vehicle in violation of 18 U.S.C. § 2119 (1994), commonly referred to as carjacking. He argues that the evidence was insufficient to support the jury's verdict finding him guilty; that the district court[1] instructed the jury erroneously; and that section 2119 impermissibly federalizes a state crime. We affirm.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Wright was indicted after he stole a Nissan Pathfinder from the enclosed valet parking lot of a Minneapolis restaurant. The government's principal witness was Kurt Nierste, one of the two valets working at the time.

A customer drove his Pathfinder into the parking lot of the restaurant and delivered it and a tip to Nierste. Nierste pulled the Pathfinder forward, put it in reverse and into a handicapped parking spot. He put it into park, and left it with its engine running while he helped another customer. Exhibits show that the parking space abutted the fence surrounding the lot.

Nierste parked the other car some twenty yards away, and, as the valets were constantly doing, started running back to the Pathfinder. When he focused on the vehicle twenty yards away, he noticed that there was someone in it. He estimated that this was thirty seconds, maybe less, after the Pathfinder had pulled into the lot. Nierste continued running toward the Pathfinder and stopped in front of it. On direct examination he stated that he then stood ten feet in front of the vehicle, but on cross gave the distance as two to three feet, then five, or approximately "zero to ten." He said "he definitely wasn't touching it," but was close. Nierste began yelling loudly and aggressively for the person to get out and made sweeping arm gestures to the same effect. He said the occupant then put the car into drive, pulled it forward, "hit the brakes, and then he sat there for a fraction of a second, and then hit the gas again." Asked where he was when the driver "did that," Nierste responded that he was "[o]n the hood of the vehicle." Later, when questioned whether he tried to get away, Nierste answered, "I didn't have a choice. It happened like that (witness snaps fingers)."

The vehicle traveled about twenty yards with Nierste on the hood. Then, the driver "hit the brakes pretty hard," and Nierste slid off, landing on his feet. The driver began to reverse, and Nierste ran to the driver's side door and opened it, got halfway into the Pathfinder with the driver, struggled with him, and tried to yank him from the vehicle. As that started, the driver put the Pathfinder into drive and began to drive out

of the lot. Nierste continued struggling with the driver as the vehicle moved twenty to thirty yards, until the driver managed to "eject" him from the Pathfinder by forcibly pushing or shoving him. Nierste then ran away from the Pathfinder and watched it exit the parking lot.

When the Pathfinder was recovered it had a large dent on the hood and dents and very significant scratches on the driver's side front fender and door. Nierste suffered bruises and scrapes from the incident, but said that it was "nothing serious." He admitted that he did not see the driver brandish a gun or other weapon, but told the jury that, after it was all over, he thought that the person in the Pathfinder was trying to kill him and could have succeeded.

Wright stipulated at trial that he was the person inside the Pathfinder.

I.

Wright argues that the evidence is insufficient to support his conviction. The government's burden in a criminal case is to prove all elements of an offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). In considering the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the government, accepting all reasonable inferences that support the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We must uphold the verdict if there is substantial evidence that would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser, 315 U.S. at 80.

18 U.S.C. § 2119, often called the federal carjacking statute, provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in

interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
      (1) be fined under this title or imprisoned not more than 15 years, or both . . . .

In order to obtain a conviction under the statute, the government must prove three basic elements: (1) the defendant took or attempted to take a motor vehicle from the person or presence of another by force and violence or by intimidation; (2) the defendant acted with the intent to cause death or serious bodily harm; and (3) the motor vehicle involved has been transported, shipped, or received in interstate or foreign commerce. United States v. Williams, 136 F.3d 547, 550 (8th Cir. 1998).

Wright challenges the sufficiency of the evidence supporting the first and second elements of the offense. He contends that there was insufficient evidence that he took the Pathfinder from Nierste's presence by force and violence or by intimidation by repeatedly arguing that the taking of the Pathfinder occurred when he entered the unoccupied car, with Nierste twenty-five or so yards away. He expresses an alternative argument that the taking occurred when Nierste was ten feet away. The thrust of his arguments are that any force Wright used was after the taking and meant only to deter Nierste's attempts to recover the car. The government counters that the taking was not accomplished until Wright threw Nierste from the moving Pathfinder and left the valet parking lot.

"Taking" for purposes of section 2119 is "the acquisition by the robber of possession, dominion or control of the property for some period of time." See United States v. DeLaCorte, 113 F.3d 154, 156 (9th Cir. 1997); United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996).

When Nierste ran back to the Pathfinder and stood in front of it, with his estimates varying from two to three, or five, or possibly ten feet, yelling and gesturing

for Wright to get out, and before the car moved, the jury certainly could have found that a taking had not yet occurred.

The situation changed, however, when the car moved forward. In Nierste's words, "The driver of that car put that car into drive and pulled it forward" when he was "in front of the vehicle." Next, the driver "hit the brakes, and then he sat there for a fraction of a second, and then hit the gas again." When he did that, Nierste was "on the hood of the vehicle." When the car came toward him, Nierste said "I didn't have a choice. It happened like that (witness snaps his fingers)."

Based on this testimony about Wright's moving the car forward toward Nierste, who was claiming control of the car, a reasonable jury could find that Wright took the Pathfinder from Nierste's presence by force and violence or by intimidation. A reasonable jury could find that in causing the car to move forward by putting it into drive and stepping on the gas, Wright was exercising possession, dominion, or control over the vehicle. With the developing split-second occurrence, the sudden stop and hitting the gas again, a reasonable jury could find that Wright exerted possession, dominion, and control not only as the car moved forward initially, but also that he continued to do so as Nierste went onto the hood. Further at that point, the jury could find that Wright was taking the motor vehicle from the presence of Nierste, who stood in front of it two to three, five, or ten feet, blocking the vehicle's path out of the handicapped parking spot. See United States v. Edwards, 231 F.3d 933, 935-37 (5th Cir. 2000) ("person or presence of another" requirement satisfied by proof that the victim was close enough to the vehicle to have prevented taking absent the defendant's forceful or intimidating conduct); see also United States v. Brown, 200 F.3d 700, 705 (10th Cir. 1999), cert. denied, 528 U.S. 1178 (2000) (victim need not be "within easy touch" of vehicle so long as defendant's conduct caused victim to hesitate from trying to prevent the theft). When Wright moved the vehicle forward, a reasonable jury could find that he was using it as a weapon, capable of exerting force or violence against

Nierste and that he intended to and did strike Nierste with sufficient force to throw Nierste up onto the hood.

Wright also argues that there was no evidence that he intended to cause death or serious bodily injury to Nierste. The Supreme Court interpreted section 2119's intent requirement in <u>Holloway v. United States</u>, 526 U.S. 1 (1999). The Court held:

> The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car).

<u>Id.</u> at 12. The Court stated that an "empty threat, or intimidating bluff, . . . standing on its own, is not enough to satisfy § 2119's specific intent element." <u>Id.</u> at 11. When a victim has lost control over her car without the defendant attempting to inflict or actually inflicting serious bodily harm, the government must prove beyond a reasonable doubt that "the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." <u>Id.</u> at 11-12.

In this case, the evidence showed that Nierste stood a few feet in front of the Pathfinder as Wright shifted it into drive, pulled the car forward, brought it to a stop for an instant, and hit the gas again, directing the Pathfinder at Nierste with sufficient force to send Nierste up onto the hood. This is sufficient evidence from which a reasonable jury could conclude that, at the moment Wright took control over the Pathfinder, he possessed the conditional intent to seriously harm Nierste had it been necessary to do so in order to steal the Pathfinder. <u>Cf.</u> <u>United States v. Malone</u>, 222 F.3d 1286, 1292 (10th Cir.), <u>cert. denied</u>, 121 S. Ct. 605 (2000) (intent to harm victim seriously if necessary shown by evidence that defendants tied up victim's family, held gun to victim's head, and shoved victim to ground several times); <u>United States v. Williams</u>, 136 F.3d 547, 552 (8th Cir. 1998) (intent element satisfied by proof that defendant tried

to force victim into car, held gun at victim, and fled scene after another vehicle entered lot). Wright argues that because Nierste was not actually hurt in the struggle and because no force was used in taking the wheel, the intent element was not proved. However, Wright's failure to actually harm Nierste is not determinative of his willingness to do so had Nierste further resisted the theft. Malone, 222 F.3d at 1292.

The government presented sufficient evidence to allow a reasonable jury to find Wright guilty beyond a reasonable doubt.

## II.

Wright argues that the district court erred in refusing to instruct the jury that the taking of a vehicle must be concurrent with the intent to cause serious bodily harm and with any force and violence or intimidation. He requested an instruction stating that the government must prove that "at the precise moment the vehicle was taken, [the defendant] intended to kill or cause serious bodily harm. That is, . . . the government must show that the defendant fully contemplated, planned for, and intended to kill or cause serious bodily harm." He also asked that the jury be told that "the violence or intimidation conduct must occur at the same time as the theft [or] immediately before it."

The district court declined to give either instruction and instead included in the charge that the government had to prove beyond a reasonable doubt:

> First. The Defendant took a . . . Nissan Pathfinder . . . from the person or presence of another.
> Two. The Defendant took the motor vehicle by the use of force and violence or by intimidation.
> Three. At the moment the Defendant demanded or took control over the motor vehicle, the Defendant possessed the intent to cause the death of another or cause serious bodily harm to another.

Four. The vehicle had been transported, shipped or received in interstate or foreign commerce.

The district court defined "to take property" as "to get one's hands or into one's possession, power or control, by force or stratagem," and "taking property" as "simply the acquisition by the robber of possession, dominion or control of the property for some period of time."

Wright contends that the district court's specific intent instruction was overly permissive and that the instruction defining "taking property" was erroneous because it did not specify at what point in time a person acquires dominion and control over the property.

A district court has wide discretion in crafting appropriate jury instructions. United States v. Ervasti, 201 F.3d 1029, 1035 (8th Cir. 2000). "A defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction." Id. (quoting United States v. Kouba, 822 F.2d 768, 771 (8th Cir. 1987)). On appeal, we evaluate jury instructions by viewing them as a whole and affirm if the instructions fairly and adequately submitted the issues to the jury. Kelly v. Armstrong, 206 F.3d 794, 800 (8th Cir. 2000). If we conclude that the district court erred in giving an instruction, we reverse only if the error affected the defendant's substantial rights. See id. at 801.

We see no merit in Wright's contentions. The district court's specific intent instruction is taken nearly verbatim from Holloway v. United States, 526 U.S. 1 (1999), and accurately conveys the substance of that decision. See id. at 12 ("The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver . . . ."). The omission of the adjective "precise" before the term "moment" did not render the instruction erroneous.

-8-

See id. at 8, 12 (referring to the appropriate time period for assessing the statutory mens rea once as the "precise moment," once as "that moment," and once as "the moment"). Neither is the instruction defining "taking property" flawed. This definition, when read with the charge on the force and violence or intimidation element, instructed the jury members that a guilty verdict required their finding that Wright used force and violence or intimidation to acquire possession, dominion, or control over the Pathfinder. This correctly states the relationship between a defendant's violent or intimidating conduct and the taking of the motor vehicle; it is not misleading.

The district court's instructions, taken as a whole, fairly and adequately conveyed the law to the jury.

## III.

Lastly, Wright contends that section 2119 impermissibly federalizes a state crime. This Tenth Amendment argument has been foreclosed in this circuit since we decided United States v. Robinson, 62 F.3d 234, 236 (8th Cir. 1995) (section 2119 valid exercise of Congress's commerce power).

\*   \*   \*   \*   \*   \*

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.