# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1080

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Vagner A. Valladares, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted:  June 14, 2002

Filed:  September 26, 2002

———————

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

———————

LOKEN, Circuit Judge.

Vagner A. Valladares appeals the sentence imposed after he pleaded guilty to illegally reentering the United States following a prior deportation in violation of 8 U.S.C. § 1326(a).  At sentencing, the district court[1] increased his total offense level by sixteen levels, concluding that his prior conviction for second-degree robbery was a felony crime of violence for purposes of U.S.S.G. § 2L1.2.  The issue on appeal is whether the court erred in using the amended guideline in effect at the time of

———————

[1]The HONORABLE RONALD E. LONGSTAFF, Chief Judge of the United States District Court for the Southern District of Iowa.

sentencing, rather than the guideline in effect at the time of the offense. Because either version of § 2L1.2 would require the same sixteen-level increase, we affirm.

Valladares was deported to Guatemala in March 1995 following his second-degree robbery conviction in a California state court. In February 2001, INS agents stopped Valladares as he exited an Iowa residence that had been used as the address on a number of fraudulent social security card applications. Valladares gave agents documents stating his Guatemalan citizenship, birth date, and alien registration number.[2] When the agents later discovered his prior deportation, he was arrested and charged with illegal reentry. Valladares pleaded guilty to the charge in August 2001, stipulating to his prior robbery conviction. He was sentenced on November 1, 2001, the effective date of a significant amendment to U.S.S.G. § 2L1.2.

The illegal reentry statute provides for a substantially increased maximum penalty if the prior deportation followed an aggravated felony conviction. See 8 U.S.C. § 1326(b)(2). Prior to November 2001, to reflect the more serious nature of a § 1326(b)(2) violation, U.S.S.G. § 2L1.2(b)(1) provided for a sixteen-level increase if the prior deportation followed *any* aggravated felony conviction. On November 1, 2001, the guideline was amended to provide for a sliding scale of increases based upon the seriousness of the aggravated felony as defined in the amended guideline. See U.S.S.G. App. C, amend. 632. Under the amended guideline, a sixteen-level increase is imposed if the prior conviction was for a felony crime of violence. See § 2L1.2(b)(1)(A)(ii). "Crime of violence" is defined in application note 1(B)(ii)(II) as including "robbery." In this case, applying the guideline as amended, the district court assessed the sixteen-level increase because Valladares's prior deportation followed a robbery conviction. This resulted in a sentencing range of forty-six to fifty-seven months. The court imposed a forty-six-month sentence.

---

[2]During his time in the United States, Valladares has used a number of aliases, including Jose Pacheco-Rodriguez, Rogelio Riveros, and Jose Carlos Ramirez-Yon.

Valladares concedes that his prior robbery conviction warrants a sixteen-level increase under the amended guideline. See United States v. Gomez-Hernandez, No. 01-3789, slip op. at 7 (8th Cir. Aug. 28, 2002). He was sentenced on November 1, 2001, the date the amended guideline became effective. In general, a sentencing court must use the guideline in effect on the date of sentencing unless that would violate the Ex Post Facto Clause of the United States Constitution. See 18 U.S.C. § 3553(a)(4)(A); U.S.S.G. § 1B1.11(b)(1). Valladares argues that the district court erred because application of amended § 2L1.2(b) in this case violated the Ex Post Facto Clause.

The Ex Post Facto Clause, found in Article I, section 9 of the Constitution, forbids the enactment of a statute "which makes more burdensome the punishment for a crime, after its commission." Collins v. Youngblood, 497 U.S. 37, 42 (1990) (quotation omitted). The sentencing guidelines are statutes for this purpose. Therefore, a district court must apply the guideline in effect at the time the crime was committed if application of the guideline in effect at the time of sentencing would result in a more severe sentence. See United States v. Levi, 2 F.3d 842, 844-45 (8th Cir. 1993). Here, Valladares illegally entered the United States prior to the effective date of the amendment to § 2L1.2(b), so the former version of the guideline must be applied if that would reduce his guidelines sentencing range.

Under the prior guideline, the sixteen-level increase was imposed if the defendant's prior conviction was for any aggravated felony. See U.S.S.G. § 2L1.2(b)(1)(A) (2000). The guideline incorporated the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43), which included as an aggravated felony any "crime of violence" as defined in 18 U.S.C. § 16. See U.S.S.G. § 2L1.2, comment. n.1 (2000); 8 U.S.C. § 1101(a)(43)(F). Section 16 defined a crime of violence as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

If Valladares's robbery conviction fell within either subpart of 18 U.S.C. § 16, it was an aggravated felony and therefore warranted a sixteen-level increase under the version of U.S.S.G. § 2L1.2 in effect at the time of his offense. In that event, the district court did not err in applying the November 2001 amendment because it resulted in the same sixteen-level increase.

Under California law, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Valladares argues that this is not an aggravated felony because it *may* be committed without "the use, attempted use, or threatened use" of physical force to provoke the requisite fear. Like the Ninth Circuit, we disagree. Robbery achieved through "force or fear" by its nature presents "a substantial risk that physical force against the person or property of another may be used." Thus, robbery as defined in the California Penal Code is a crime of violence within the meaning of 18 U.S.C. § 16(b). See United States v. Wright, 957 F.2d 520, 521-22 (8th Cir.), cert. denied, 506 U.S. 856 (1992); United States v. McDougherty, 920 F.2d 569, 573-74 (9th Cir. 1990), cert. denied, 499 U.S. 911 (1991). When the prior offense was "by its nature" a crime of violence, the district court is not required to consider whether the defendant's actual conduct involved the use, attempted use, or threatened use of physical force. See United States v. Rodriguez, 979 F.2d 138, 140-41 (8th Cir. 1992).

Moreover, when the statutory definition of a predicate offense encompasses conduct that may or may not be included in the applicable guideline, the sentencing

court may look to the underlying charging papers and jury instructions to determine the elements of the crime of which the defendant was convicted. See United States v. Smith, 171 F.3d 617, 619-21 (8th Cir. 1999). Here, Valladares was convicted of robbery because he provided a handgun to a co-defendant, who used the gun to rob a pedestrian, after which Valladares drove the get-away vehicle. This was an offense which had as an element the use, attempted use, or threatened use of physical force within the meaning of 18 U.S.C. § 16(a).

Because Valladares's prior robbery conviction was for an aggravated felony, it warranted a sixteen-level increase under the version of § 2L1.2(b) in effect at the time of his offense. Thus, the district court's application of the November 1, 2001 amendment did not result in an increased sentence, and there was no Ex Post Facto Clause violation. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.