# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1884

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Herbert Harris, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 9, 2003

Filed: September 24, 2003

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Herbert Harris was convicted after a bench trial of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Harris appeals the judgment of the District Court.[1]

In a one-count indictment, Harris was charged with having possessed a 9-mm caliber, semiautomatic pistol "on or about October 16, 2001." Before trial, Harris

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

stipulated that at the time of the charged offense he was a felon for purposes of 18 U.S.C. § 922(g)(1). The government's evidence showed that Kansas City police officers had discovered the weapon, sitting within reach of Harris, while they were executing a search warrant in a residence where Harris was present. In speaking with an officer after his arrest, Harris waived his Miranda rights and admitted to possessing the same weapon on October 9, 2001. Despite the proximity of the weapon to Harris at the time of the search, the District Court did not find the pistol to have been in his constructive possession on October 16, 2001. (Tr. at 152.) The court noted, however, that Harris admitted in writing to possessing the firearm on October 9, 2001, a date "on or about" October 16, and thus found him guilty of committing the offense alleged in the indictment. (Tr. at 151–52.)

Harris first argues that by declining to find the weapon within his constructive possession on October 16, 2001, yet nonetheless determining guilt on the basis of the admitted possession on October 9, 2001, the District Court constructively amended the indictment. A constructive amendment of an indictment is a direct violation of a defendant's Fifth Amendment right to be charged by a grand jury and is reversible error per se. United States v. Stuckey, 220 F.3d 976, 981 (8th Cir. 2000). A constructive amendment arises when a court admits evidence that modifies the essential elements of the offense charged by the grand jury. United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991); see also United States v. Begnaud, 783 F.2d 144, 147 n.4 (8th Cir. 1986). A charge of firearm possession "on or about" a particular date includes possession on days "reasonably near the date alleged." See United States v. Brody, 486 F.2d 291, 292 (8th Cir. 1973) (approving a jury instruction to this effect), cert. denied, 417 U.S. 949 (1974). Harris's admitted possession of the firearm on October 9, 2001 is reasonably near the October 16, 2001 date alleged in the indictment and therefore is conduct within the scope of the indictment. Thus there was no constructive amendment, and Harris's argument fails.

Harris also argues there was a variance between the evidence presented and the charge set forth in the indictment. A variance arises when the evidence presented proves facts that are "materially different" from those proved in the indictment. Begnaud, 783 F.2d at 147 n.4. A variance between the date set forth in the indictment and the proof at trial is not fatal as long as the acts alleged were committed within the statute of limitations and before the date of the indictment. Stuckey, 220 F.3d at 982. Absent actual prejudice to a defendant, a variance between the indictment and the evidence presented is harmless error. Id. at 981. The "on or about" language in the indictment provided the defendant sufficient notice that his written admission that he had possessed the weapon in question on October 9, 2001, could be used as direct evidence of the charged offense. We conclude there was no variance fatal to the government's case between the charge in the indictment and the evidence presented.

Harris's final contention is that the evidence was insufficient to show his status as a felon because his stipulation regarding that status referred only to October 16, 2001 and not to October 9, 2001. We find this argument unavailing. The offense alleged in the indictment encompassed the possession on October 9 and Harris stipulated that he was a felon at the time of the indicted offense. Moreover, Harris makes no fact-based argument that he was not a felon on October 9. The stipulation therefore conclusively establishes Harris's status as a felon for purposes of his unlawful possession of a firearm on October 9.

The District Court's finding of guilt based upon the defendant's own admission of possession on October 9, 2001 and stipulation to felon status at the time of the offense charged was not in error, nor was there any constructive amendment of the indictment or fatal variance between the charging instrument and the evidence presented. Accordingly, the judgment of the District Court is affirmed.

_____

-3-