# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3403

———————

United States of America,

        Appellee,

v.

Juan Carlos Aguilera-Alvarado,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: July 22, 2004
Filed: July 23, 2004

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Juan Carlos Aguilera-Alvarado pleaded guilty to illegal reentry after deportation following an aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced him to 77 months imprisonment and 3 years supervised release. On appeal, Aguilera-Alvarado's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

After careful review, we find the issues counsel raises unavailing. By pleading guilty unconditionally, Aguilera-Alvarado waived any suppression issue, cf. United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000) (defendant waived right to appeal denial of his motion to suppress where he did not enter conditional guilty plea reserving right to appeal denial of motion); the prosecutor's recital of the date of the offense as being one day earlier than that stated in the indictment did not constructively amend the indictment, cf. United States v. Harris, 344 F.3d 803, 804-05 (8th Cir. 2003) (per curiam) (where defendant's admitted possession of firearm on October 9 was "reasonably near" October 16 date alleged in indictment, conduct was within scope of indictment and there was no constructive amendment), cert. denied, 124 S. Ct. 1463 (2004); and counsel fails to point to anything in the record that would call into question the district court's finding that Aguilera-Alvarado was competent and made the plea voluntarily and knowingly.

Further, a 16-level offense-level enhancement was properly applied based on Aguilera-Alvarado's prior California conviction for robbery, see United States v. Valladares, 304 F.3d 1300, 1301-03 (8th Cir. 2002), and did not violate Apprendi v. New Jersey, 530 U.S. 466 (2000), see United States v. Raya-Ramirez, 244 F.3d 976, 977 (8th Cir.), cert. denied, 534 U.S. 898 (2001). We also find that the district court did not commit error in imposing a $1,000 fine, an amount significantly less than the calculated range. Last, we decline to consider a constitutional challenge to the PROTECT Act, Pub. L. No. 108-21 § 401, 117 Stat. 650, 657 (2003), amending 18 U.S.C. § 3742(e), raised for the first time on appeal. See Liberty State Bank v. Minn. Life & Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th Cir. 1998).

We also have carefully reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm. We grant counsel's motion to withdraw.

_____