# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4183

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jerry Dean Urick, | * | Western District of Missouri |
| | * | |
| Appellant. | * | |

———————

Submitted: June 23, 2005
Filed: December 9, 2005 (Corrected 12/21/05)

———————

Before ARNOLD, McMILLIAN and COLLOTON, Circuit Judges.

———————

McMILLIAN, Circuit Judge

Jerry Dean Urick (appellant) appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri, upon a jury verdict, finding him guilty of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced appellant under the federal sentencing guidelines to 204 months imprisonment, 3 years supervised release and a special assessment of $100.00. For reversal, appellant argues that the district court erred in: (1) holding there was sufficient evidence to support the jury's finding that

———————

[1]The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

appellant knowingly possessed the firearms, (2) excluding a requested jury instruction defining the term "knowingly," and (3) failing to grant a mistrial after a government witness violated an order in limine and testified that appellant was involved in the manufacture of methamphetamine. For the reasons stated below, we affirm the judgment of the district court.

**Background**

In 2004, the Grundy County Sheriff's Department along with the Bureau of Alcohol, Tobacco, and Firearms (ATF) began an investigation into the activities of appellant. Based on their investigation, officers obtained a search warrant for appellant's residence to search for firearms and controlled substances. On February 7, 2004, before the execution of the search warrant, appellant and his wife, Tina Urick, called the local sheriff's department to report a disturbance that occurred earlier in the afternoon in a neighboring town and asked the sheriff's department to remove a car left in their driveway by a friend, Carl Marshall. Appellant had been out of town for a few days prior to February 7, 2004, and had only returned home about 30 minutes before officers arrived.

Local officers responded and were invited inside the residence by Tina Urick. The residence was a mobile home with a large addition consisting of a bedroom and a living area. Once inside, the officers could see into the bedroom and saw in plain view two firearms, a rifle and a shotgun, by the side of the bed. The officers contacted the ATF and told appellant and his wife that they were being detained. The search warrant was then executed.

During the search of the residence, officers found the two firearms, one on each side of the bed, and ammunition for the shotgun and rifle on the night stands and in other areas of the home. Male clothing was also found inside the bedroom where the firearms were located.

Appellant was placed under arrest and read his <u>Miranda</u> rights by an ATF agent. Appellant stated that he understood his rights and thought (erroneously) that he could possess firearms because he was no longer on probation or parole. Appellant further explained that he had taken the guns away from Carl Marshall on February 2, 2004, and that Marshall had been running around appellant's residence, acting crazy, with the firearms.

The same ATF agent interviewed appellant for the second time while en route to the U.S. Marshal's office on February 13, 2004. Again, after he was notified of his <u>Miranda</u> rights, appellant stated that he had moved into the residence after marrying Tina Urick in January 2004.

A federal grand jury indicted appellant and charged him with one count of being a felon in possession of firearms on or about February 7, 2004, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to trial, the district court ruled that evidence about appellant's alleged involvement with drugs was inadmissible. At trial, however, a deputy of the sheriff's department testified that he had learned that appellant was "manufacturing methamphetamine." The district court struck the deputy's statement and advised the jury to disregard it. The jury later returned a verdict of guilty, and appellant was sentenced to 204 months imprisonment, 3 years supervised release and a $100 special assessment. This appeal followed.

**Discussion**

A.    Sufficiency of Evidence

An appellate court reviews the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government, resolving any conflicts in the government's favor, and accepting all reasonable inferences that support the verdict.

United States v. Blaylock, 421 F.3d 758, 772 (8th Cir. 2005). A verdict will be reversed only if no reasonable jury interpreting the evidence could find the defendant guilty beyond a reasonable doubt. Id.

Appellant argues that the evidence introduced at trial was insufficient to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) because the government failed to show that he knowingly and intentionally possessed the firearms on or about February 7, 2004.

To obtain a conviction under 18 U.S.C. § 922(g)(1) the government must "'prove beyond a reasonable doubt that (1) the defendant has previously been convicted of a crime that was punishable by a term of imprisonment exceeding one year, (2) the defendant knowingly possessed a firearm, and (3) the firearm has been in or has affected interstate commerce.'" United States v. Moore, 212 F.3d 441, 445 (8th Cir. 2000) (quoting United States v. Taylor, 122 F.3d 685, 688 (8th Cir. 1997)). Because the parties stipulated to the first and third elements of the offense, the only issue on appeal is whether the defendant knowingly possessed a firearm.

Possession under § 922(g) can be actual or constructive. Id. Constructive possession is established if a person has ownership, dominion, or actual control over the firearm itself or has dominion over the premises where the firearm is located. While mere physical proximity to a firearm is insufficient for possession, "knowledge of presence" combined with "dominion over the premises in which the contraband is concealed" will amount to constructive possession. United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002) (quoting United States v. Johnson, 18 F.3d 641, 647 (8th Cir. 1994)).

Appellant argues that there was insufficient evidence of constructive possession, specifically dominion over the premises. However, appellant himself testified that he had lived at the residence since marrying Tina Urick on January 20,

2004, and even listed the premises as his address when filling out a questionnaire at the U.S. Marshal's Office. In addition, his personal effects were found in the bedroom near the firearms and appellant further conceded to sleeping in the bed next to where the firearms were found.

Next, appellant argues that the government failed to prove that he exercised dominion and control over the firearms at a time which was close enough to the date charged in the indictment, or "on or about February 7, 2004." However, the law is clear that the use of the term "on or about" in an indictment "relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified." United States v. Duke, 940 F.2d 1113, 1120 (8th Cir. 1991). Here, even though appellant denies possession on February 7, 2004, he admits to having possession of the firearms on February 2, 2004, when he took the firearms away from Marshall. Appellant's admitted possession of the firearms five days prior is reasonably near the date alleged in the indictment, February 7, 2004. See United States v. Harris, 344 F.3d 803, 805 (8th Cir. 2003) (holding admitted possession one week prior to date alleged in indictment was within scope of the indictment), cert. denied, 540 U.S. 1201 (2004).

B.     Jury Instruction

Appellant next argues that the district court erred in refusing to give an instruction defining the term "knowingly." This court reviews a denial of a party's proposed jury instruction under an abuse of discretion standard. United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004), cert. denied, 125 S. Ct. 2962 (2005). A reversal, based upon an instructional error, is only warranted if the error affected the defendant's substantial rights. Id.

We have repeatedly held that defendants are not entitled to instructions on the definition of every word in an instruction. United States v. Lee, 356 F.3d 831, 838

(8th Cir. 2003), cert. denied, 541 U.S. 1092 (2004); United States v. Wright, 246 F.3d 1123, 1128 (8th Cir. 2001). Because the term "knowingly" is within the ordinary understanding of the lay juror, United States v. Gary, 341 F.3d 829, 834 (8th Cir. 2003), cert. denied, 540 U.S. 1139 (2004), the district court did not abuse its discretion in refusing appellant's instruction on this issue.

### C. Improper Testimony

Finally, appellant argues that the district court erred in failing to grant a mistrial after a government witness violated an order in limine and testified that appellant was involved in the manufacture of methamphetamine. As a general rule, it is within the discretion of the district court to decide whether a trial has been so tainted by prejudicial testimony that a mistrial should be declared and the decision will only be reviewed for an abuse of discretion. United States v. Encee, 256 F.3d 852, 854 (8th Cir. 2001). In addition, the admission of a prejudicial statement is "'ordinarily cured by striking the testimony and instructing the jury to disregard the remark.'" United States v. Coleman, 349 F.3d 1077, 1087 (8th Cir. 2003) (quoting United States v. Muza, 788 F.2d 1309, 1312 (8th Cir. 1986)), cert. denied, 541 U.S. 1080 (2004). However, even if a curative instruction is given, this court must still determine whether the verdict was "substantially swayed" by the prejudicial comment. Id. In making this determination, we must evaluate whether a curative instruction was sufficient in the context of the entire trial, and weigh the prejudice against the strength of the government's evidence. Id. This court will affirm a conviction, despite the introduction of an inadvertent prejudicial comment, where there was "substantial evidence" of guilt. Id.

Although the testimony about methamphetamine was improper, the district court took prompt remedial action to alleviate any possible prejudice by striking the testimony and giving a curative instruction immediately after the misconduct occurred. In addition, the deputy's reference to appellant's alleged drug involvement

was an isolated incident. While appellant claims that the government elicited testimony about a video monitoring system outside appellant's house and repeatedly discussed the search warrant for appellant's residence, the jury never heard of any relationship between appellant's alleged drug involvement and the monitoring system or search warrant. Thus, there is no reasonable basis to believe that these references could have improperly tainted the jury's deliberation.

Moreover, because there was substantial evidence of appellant's guilt, any error in the failure to declare a mistrial was harmless. As noted previously, the jury saw photographs and heard testimony that demonstrated appellant had two firearms in plain view in the bedroom of his residence.

Accordingly, the judgment of the district court is affirmed

COLLOTON, Circuit Judge, concurring.

I concur on the understanding that the court concludes there was sufficient evidence to support a finding that Urick constructively possessed the firearms on February 7, 2004, when they were found near his personal effects, next to the bed in which he slept, in the residence that he listed as his address. *Ante*, at 4-5.

_____