# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2323
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Mary Therese Pierce, also known as | * | |
| Mary Therese Lewis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 13, 2006
Filed: May 9, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mary Pierce appeals the sentence the district court imposed after she pleaded guilty to two counts arising from one instance of unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). After considering the applicable Guidelines imprisonment range of 27-33 months, the district court sentenced Pierce to 21 months imprisonment and 3 years supervised release, and imposed a $100 special assessment for each count. On appeal, her counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the factual basis for the plea and the extent of the sentence's variance from the Guidelines range.

We find no error as to those issues, but we remand for resentencing in light of United States v. Richardson, 439 F.3d 421 (8th Cir. 2006) (en banc) (per curiam).

First, there was a sufficient factual basis for the district court to accept Pierce's plea to unlawfully possessing a firearm. Pierce conceded that she knew the gun could and probably would be left at her apartment, and the gun was found in a chest in her bedroom. See United States v. Urick, 431 F.3d 300, 303 (8th Cir. 2005) (constructive possession of firearm); United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994) (factual basis for plea), cert. denied, 514 U.S. 1067 (1995). Second, the sentence, representing a six-month variance from the bottom of the Guidelines range, was reasonable. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (reasonableness review). In reaching its sentence, the district court considered, among other things, the differences between Pierce and a "typical" felon in possession, her criminal history, and the minimal danger she posed to society. All of these factors were relevant under 18 U.S.C. § 3553(a), and there is no indication that the district court based the sentence on any improper or irrelevant factor. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005).

However, our review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), persuades us that Pierce's separate convictions on two separate counts (felon in possession and drug user in possession), arising out of a single act of firearm possession, requires that we vacate the sentence and remand for resentencing based on a single conviction under 18 U.S.C. § 922(g). See Richardson, 439 F.3d at 422 (separate convictions under § 922(g)(1) and § 922(g)(3) arising out of single act of firearm possession are multiplicitous; vacating sentence with instructions to merge counts of conviction and resentence defendant based on single conviction under § 922(g)).

-2-

Accordingly, we remand for resentencing based on a single conviction, and we deny counsel's motion to withdraw.

_____