# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4143

_____

United States of America,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　Plaintiff-Appellee,　　　 *
　　　　　　　　　　　　　　　　　　 *　Appeal from the United States
　　　v.　　　　　　　　　　　　　　 *　District Court for the Northern District
　　　　　　　　　　　　　　　　　　 *　of Iowa.
Darnell Michael Norton, also known as　*
Dino,　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *　[UNPUBLISHED]
　　　　　　Defendant-Appellant.　　 *

_____

Submitted: June 14, 2006
Filed: June 22, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Darnell Norton was found guilty by a jury of: 1) conspiring to distribute 500 grams or more of cocaine base, 500 grams or more of cocaine salt, and less than 5 grams of methamphetamine; 2) possessing with the intent to distribute 50 grams or more of cocaine salt; 3) possessing with intent to distribute less than 5 grams of methamphetamine; 4) carrying a firearm in furtherance of a drug crime; and 5) being a felon in possession of a firearm. The district court[1] sentenced him to 276 months of

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

imprisonment on count one, 240 months on count two, 240 months on count three, 120 months on count four (all to be served concurrently), and 60 months on count five (to be served consecutively with counts one through four). We affirm.

Norman claims the district court clearly erred in relying on the jury's determinations of drug quantity. See United States v. Allen, 440 F.3d 449, 452 (8th Cir. 2006) (standard of review). However, this contention is without merit because a district court cannot disprove a jury-found drug quantity determination by a preponderance of the evidence. United States v. Campos, 362 F.3d 1013, 1016 (8th Cir. 2004) ("It is axiomatic that a fact proved beyond a reasonable doubt cannot simultaneously be disproved by a preponderance of the evidence.").

Norman also argues the district court erred in denying his motion for acquittal based on the sufficiency of the evidence. In reviewing this ruling, we view the "evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Littrell, 439 F.3d 875, 880 (8th Cir. 2006) (citation omitted). Even if some of the trial testimony was suspect, we leave these credibility determinations for the jury. United States v. Sirbel, 427 F.3d 1155, 1159 (8th Cir. 2005). Accordingly, viewing the evidence in the light most favorable to the verdict, we find sufficient evidence exists supporting Norman's drug and firearms convictions.

Finally, Norman claims the district court abused its discretion in denying his motion for a new trial. See United States v. Lewis, 436 F.3d 939, 945 (8th Cir. 2006) (citation omitted) (standard of review). In ruling on this motion, the district court evaluates the evidence to determine if "a serious miscarriage of justice may have occurred," allowing the court to "set aside the verdict, grant a new trial, and submit the issues for determination by another jury." United States v. Anwar, 428 F.3d 1102, 1109 (8th Cir. 2005) (citation omitted). In the instant case, the district court did not

abuse its discretion in determining the government presented sufficient evidence to support the jury's drug quantity determinations. Additionally, the district court did not abuse its discretion in denying the motion based on the jury's hearing of improper testimony. The curative instruction given by the district court was sufficient, and Norman cannot demonstrate the testimony heard was prejudicial. See United States v. Urick, 431 F.3d 300, 304 (8th Cir. 2005).

Accordingly, we affirm.

_____