# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3917

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Kelvin Miller, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 25, 2009
Filed:  December 7, 2009

_____

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

_____

PER CURIAM.

Kelvin Miller appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the grounds that: (1) there was insufficient evidence to sustain his conviction; (2) the district court[1] improperly applied sentence enhancements under the United States Sentencing Guidelines ("USSG") §§ 3C1.1 and 3C1.2; (3) the district court erred in denying his motion for a downward departure or variance; and (4) the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors.  We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

After viewing the evidence in the light most favorable to the verdict, see United States v. Urick, 431 F.3d 300, 303 (8th Cir. 2005), we conclude the evidence is sufficient to show Miller possessed a firearm. Two police officers testified they observed Miller carrying a weapon as he ran through a St. Louis residential neighborhood. One of the officers testified that Miller pointed that weapon at him during the chase. An officer also testified that after Miller was arrested, he admitted to throwing this weapon in a nearby backyard. Officers subsequently found the weapon in that location. This evidence is sufficient to sustain Miller's conviction for being a felon in possession of a firearm.

We also conclude the district court properly imposed an obstruction of justice enhancement under USSG § 3C1.1 based on Miller's repeated denials at trial that he possessed a weapon. See United States v. Flores, 362 F.3d 1030, 1037 (8th Cir. 2004) ("Committing perjury at trial constitutes an obstruction of justice within the meaning of § 3C1.1."). The record also indicates that the district court applied the enhancement only after conducting its own independent evaluation of all the evidence. See United States v. Kessler, 321 F.3d 699, 703 (8th Cir. 2003). That evidence strongly showed that Miller lied while on the witness stand when he denied possessing the weapon, and the district court did not err in enhancing his sentence.

Similarly, evidence supports the district court's imposition of a sentence enhancement for creating a risk of death or injury during flight under USSG § 3C1.2. Miller admitted he fled from police, jumped out of a moving vehicle which later struck a parked car, led police officers on a foot chase through a residential neighborhood, and persistently disregarded officers' commands to stop. The record also shows that Miller carried a loaded weapon during the chase and pointed it at a police officer, which resulted in the officer shooting Miller. This factual background justifies the enhancement for reckless endangerment under USSG § 3C1.2. See United States v. Bates, 561 F.3d 754, 757 (8th Cir. 2009).

The district court also did not err in denying Miller's request for a downward departure from the guideline sentence based on Miller's claims of diminished capacity and mental health problems. After reviewing the sentencing record, it is evident that the district court considered Miller's request, but concluded the guideline sentence was appropriate and Miller had not established his case was sufficiently atypical to warrant a lesser sentence. See United States v. Lee, 553 F.3d 598, 601 (8th Cir. 2009).

Finally, the district court did not err in imposing a guideline sentence rather than one pursuant to 18 U.S.C. § 3553(a). We have carefully reviewed the record and conclude the district court properly considered the § 3553(a) factors and did not abuse its discretion in sentencing Miller to 96 months' imprisonment.

Accordingly, we affirm.

_____