Francisco Gonzalez–Renteria, Springfield, MO, Frank Santiago, Iowa City, IA, for Appellant.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Francisco Gonzalez–Renteria pleaded guilty to misusing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B); making a false claim of citizenship to obtain unlawful employment, in violation of 18 U.S.C. § 1015(e); and unlawfully reentering the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him within the advisory guideline range to 55 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and had filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the sentence is excessive, and that the district court abused its discretion in denying Gonzalez–Renteria's motion for a downward variance. In his pro se supplemental brief, Gonzalez–Renteria requests to be sent to Mexico as soon as possible to receive medical attention.

We conclude that the district court committed no procedural or substantive error in sentencing Gonzalez–Renteria. *See United States v. Feemster,* 572 F.3d 455, 461 (8th Cir.2009) (en banc) (standards for reviewing sentence). In particular, we conclude that the district court did not abuse its discretion in denying the motion for a downward variance, as the record indicates that the court was well aware of Gonzalez–Renteria's relevant medical history and considered all of the 18 U.S.C.

§ 3553(a) sentencing factors. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(D), (3); *United States v. Gonzalez,* 573 F.3d 600, 607 (8th Cir.2009) (court need not engage in mechanical recitation of § 3553(a) factors, and need only set forth enough to satisfy appellate court that it considered parties' arguments and had reasoned basis for exercising its own legal decision-making authority).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

**UNITED STATES of America,**
**Appellee,**

v.

**Richard Lee MELLOR, Appellant.**

No. 09–3256.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 22, 2010.

Filed: April 27, 2010.

Rehearing and Rehearing En Banc
Denied June 4, 2010.

---

1. The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Richard Mellor appeals pro se the district court's[1] judgment, entered after a jury found him guilty of knowingly pre-

senting to the Internal Revenue Service (IRS) a false claim by filing a return for the 2002 tax year claiming a refund of $240,008.79, in violation of 18 U.S.C. § 287 (Count 1); willfully attempting to evade income tax due by failing to file income tax returns and attempting to conceal his income for 2002, 2003, 2004, and 2005, in violation of 26 U.S.C. § 7201 (Counts 2–5); and attempting to obstruct the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count 6). For the reasons that follow, we affirm.

We reject Mellor's argument that the willful-blindness jury instruction constructively amended Count 1 as it was charged in the indictment. *See United States v. Gill,* 513 F.3d 836, 849 (8th Cir. 2008) (jury instructions constructively amend indictment if they so modify essential elements of charged offense that they allow jury to convict defendant of offense other than one charged in indictment). The jury instructions listed the elements of the false-claim offense, including that Mellor must have known the claim was false, fictitious, or fraudulent; and the willful-blindness instruction merely provided a means of inferring that knowledge. *See United States v. Aleman,* 548 F.3d 1158, 1166 (8th Cir.2008) (willful-blindness instruction is proper if evidence supports inference that defendant was aware of high probability of existence of fact in question and purposely contrived to avoid learning facts in order to have defense), *cert. denied,* —— U.S. ——, 129 S.Ct. 2756, 174 L.Ed.2d 263 (2009).

We further hold that the district court did not err in denying Mellor's motion to dismiss the indictment based on a change in the date he was alleged to have

[1]. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

committed the Count 1 offense, because we conclude that the modified date did not constitute a constructive amendment of the indictment. The original and modified dates—for each of which a range was given—were within two weeks of each other, and both clearly referred to the same offense. *See United States v. Harris,* 344 F.3d 803, 804–05 (8th Cir.2003) (per curiam) (reversible constructive amendment occurs if evidence used modified essential elements of offense; no error in district court's finding of guilt on or about date other than date charged in indictment, as date was "reasonably near" date alleged).

Finally, this court has previously rejected the contention that the IRS must issue a tax assessment in order to meet its burden under section 7201 of proving the existence of a tax deficiency. *See United States v. Gustafson,* 528 F.3d 587, 593 (8th Cir.2008).

Accordingly, the judgment is affirmed.