# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3256

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Richard Lee Mellor, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 22, 2010
Filed: April 27, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Mellor appeals pro se the district court's[1] judgment, entered after a jury found him guilty of knowingly presenting to the Internal Revenue Service (IRS) a false claim by filing a return for the 2002 tax year claiming a refund of $240,008.79, in violation of 18 U.S.C. § 287 (Count 1); willfully attempting to evade income tax due by failing to file income tax returns and attempting to conceal his income for 2002, 2003, 2004, and 2005, in violation of 26 U.S.C. § 7201 (Counts 2-5); and

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

attempting to obstruct the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count 6).  For the reasons that follow, we affirm.

We reject Mellor's argument that the willful-blindness jury instruction constructively amended Count 1 as it was charged in the indictment.  See United States v. Gill, 513 F.3d 836, 849 (8th Cir. 2008) (jury instructions constructively amend indictment if they so modify essential elements of charged offense that they allow jury to convict defendant of offense other than one charged in indictment).  The jury instructions listed the elements of the false-claim offense, including that Mellor must have known the claim was false, fictitious, or fraudulent; and the willful-blindness instruction merely provided a means of inferring that knowledge.  See United States v. Aleman, 548 F.3d 1158, 1166 (8th Cir. 2008) (willful-blindness instruction is proper if evidence supports inference that defendant was aware of high probability of existence of fact in question and purposely contrived to avoid learning facts in order to have defense), cert. denied, 129 S. Ct. 2756 (2009).

We further hold that the district court did not err in denying Mellor's motion to dismiss the indictment based on a change in the date he was alleged to have committed the Count 1 offense, because we conclude that the modified date did not constitute a constructive amendment of the indictment.  The original and modified dates--for each of which a range was given--were within two weeks of each other, and both clearly referred to the same offense.  See United States v. Harris, 344 F.3d 803, 804-05 (8th Cir. 2003) (per curiam)  (reversible constructive amendment occurs if evidence used modified essential elements of offense; no error in district court's finding of guilt on or about date other than date charged in indictment, as date was "reasonably near" date alleged).

Finally, this court has previously rejected the contention that the IRS must issue a tax assessment in order to meet its burden under section 7201 of proving the

existence of a tax deficiency.  <u>See</u> <u>United States v. Gustafson</u>, 528 F.3d 587, 593 (8th Cir. 2008).

Accordingly, the judgment is affirmed.

_____