# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2308

_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Wayne Stephens

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 16, 2018
Filed: April 24, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

On October 11, 2016, Bruce Wayne Stephens was charged in a single-count indictment with obstruction of justice for threatening to retaliate in violation of 18 U.S.C. § 1513(b)(1). Stephens proceeded to a jury trial and was convicted. At the sentencing hearing he was found by the district court to be at offense level 24, criminal history category IV, with a guideline range of 77-96 months. Stephens was sentenced to ninety-six months' imprisonment to be followed by three years of

supervised release. Stephens contends on appeal that: (1) the district court impermissibly amended the indictment through its verdict director; and (2) the evidence was insufficient to sustain a conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

Bruce Stephens's son, Malcolm Redmon, faced nineteen felony counts in a multi-defendant drug trafficking conspiracy indictment filed in the Western District of Missouri. The case against Redmon was based in part on the testimony of cooperating co-conspirators. As part of a plea bargain, Redmon pled guilty to Count One of the Superseding Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine.

A number of Redmon's co-defendants also pled guilty to various charges and were set for sentencing hearings at the U.S. Courthouse in Jefferson City, Missouri, on September 29, 2016. Redmon's hearing was set for 2:00 p.m. Earlier that day a cooperating co-defendant who had provided information about Redmon was sentenced. The co-defendant appeared along with his counsel, a CJA panel lawyer named Brian Risley.

When Risley arrived to the courtroom before his client's sentencing hearing, several persons asked him whom he represented. When Risley named his client, Stephens repeatedly told him, "Snitches belong in ditches." During the hearing, Risley argued his client was entitled to sentencing mitigation due to his cooperation. When the hearing concluded, Stephens acted disruptively and told Risley, "I am gonna whip your ass." Two Court Security Officers (CSOs) escorted Stephens out of the building. Stephens told the CSOs, "I hope you die and I hope your whole family dies."

A few minutes later, Risley left the courthouse. Risley was accosted by Stephens on the street. Stephens told Risley, "Snitches, you a mother fucking snitch. Fuck you. I will kill you, kill your wife, kill your family." Risley drove away and reported the threat. Stephens was taken into custody, was informed of his <u>Miranda</u> rights, and voluntarily made a videotaped statement in which he admitted to making a threatening statement to Risley.

Stephens was indicted in a single-count indictment with obstruction of justice for threatening to retaliate in violation of 18 U.S.C. § 1513(b)(1). The text of the indictment referenced "an official proceeding, that is, the investigation and prosecution of Malcolm Desean Redmon in Case No. 14-04065-02-CR-C-SRB." The "-02" in the case number is the defendant identifier identifying Malcolm Desean Redmon.

The case was tried to a jury. Final Jury Instruction No. 20 was the verdict director setting forth the essential elements of the charged offense. The instruction referenced "<u>U.S. v. Scott, et al.</u>, case no. 14-04065-CR-C-SRB, which case included the prosecution of codefendant Malcolm Desean Redmon." Instruction 20 dropped the defendant identifier number, but included the language identifying 14-04065 as a case involving Malcolm Redmon. On December 7, 2016, the jury found Stephens guilty of the crime as charged in the indictment under Instruction No. 20. The district imposed a sentence at the high end of the Guidelines.

## II. DISCUSSION

### A. Challenge to the Indictment

Stephens believes the verdict director constructively amended the indictment because the case number in the indictment is not identical to the case number in Instruction No. 20. The government argues Stephens's claim is better characterized

as a variance between the indictment and the proof at trial. The difference between a constructive amendment and a variance "is well established, though at times difficult to apply: a constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same." United States v. Renner, 648 F.3d 680, 685 (8th Cir. 2011) (quoting United States v. Adams, 604 F.3d 596, 599 (8th Cir. 2010) (internal quotations omitted)).

We conclude that neither a constructive amendment nor a fatal variance occurred. We have previously noted that our standard of review for constructive amendment claims is unclear. See United States v. Gill, 513 F.3d 836, 850 (8th Cir. 2008) ("The asserted per se prejudice rule was not determinative in any of the Eighth Circuit cases in which it was propounded . . . We question whether a constructive amendment constitutes reversible error per se."). We need not decide the standard of review in this case because under either standard the verdict director did not constructively amend the indictment.

To determine whether a constructive amendment has occurred, we ask whether the jury instructions would allow the jury "to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007). Stephens was charged with violating 18 U.S.C. § 1513(b)(1). The verdict director corresponded with the elements of § 1513(b)(1), properly identified the case by number, properly identified that the case involved Redmon, and would not allow for a conviction on any offense different from or in addition to that set forth in the indictment.

There is no fatal variance between the trial evidence and the crime charged in the indictment. A fatal variance occurs "when the evidence presented proves facts that are 'materially different' from those proved in the indictment." United States v. Harris, 344 F.3d 803, 805 (8th Cir. 2003) (quoting United States v. Begnaud, 783 F.2d 144, 147 n.4 (8th Cir. 1986)). A variance between the indictment and proof at

trial is subject to the harmless error rule, and requires reversal "only if the variance actually prejudiced the defendant." United States v. Thomas, 791 F.3d 889, 897 (8th Cir. 2015) (quoting Begnaud, 783 F.2d at 148). Our primary consideration "is whether the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." Id. (quoting Begnaud, 783 F.2d at 148). Here Stephens was fully and fairly apprised of the charges he would meet at trial. The difference between the verdict director and the indictment was so immaterial as to be *de minimis*. It is worthy of note that each of the co-defendants in this case, including Risley's client and Redmon, were named in the same indictment—the only difference being that each defendant was assigned a unique defendant identifier number, which was necessary to individually identify the defendants. Under these facts no prejudice could be shown, as the government's theory of the case was obvious, made known to, and directly contested by Stephens.

**B. Sufficiency of the Evidence**

Stephens next claims the evidence is insufficient to convict him under 18 U.S.C. § 1513(b)(1). "We review a challenge to the sufficiency of the evidence deferentially, viewing the evidence in the light most favorable to the jury's verdict, and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Renner, 648 F.3d 680, 688 (8th Cir. 2011) (quoting United States v. Goodyke, 639 F.3d 869, 872 (8th Cir. 2011)).

Stephens argues that Risley was not a "party" to the case and that evidence of a threat against him could not support a conviction related to a party's appearance at a proceeding. Stephens's argument grossly misapprehends the elements of the offense. As relevant to Stephens's case, the plain text of the statute requires the government to prove that Stephens: (1) threatened to cause bodily harm to another person (2) with the intent to retaliate against *any* person for the attendance of a witness or party at an official proceeding. See 18 U.S.C. § 1513(b)(1). The evidence

supports a verdict that Stephens threatened Risley with the intent to retaliate against Risley's client for the client's participation as a party to an official proceeding.

### III. CONCLUSION

We affirm.

_____